THE PEOPLE v. HULBERT CALVIN.

*Statutory robbery defined—Supersedes the common law offense—Statutory offense—Component parts, as fixed by Legislature, must all exist—Must be so described in information as to identify and distinguish it from every other offense—Where information is insufficient in stating higher offense, but good as to lesser one of same nature, unnecessary averments may be rejected as surplusage—Charge of court—When statement of facts not error—Interest of respondent, as affecting his testimony.*

1. Robbery, as defined by the Michigan statutes, is divided into two offenses, one in which the robbery is committed by an assault and robbery from the person, the robber being armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed (How. Stat. § 9089); the other, in which the offense is perpetrated by force and violence, or by assault or putting in fear, and robbing, stealing and taking from the person of another, the robber not being armed with a dangerous weapon: How. Stat. § 9091.

2. The statutes, having thus divided the common law offense of robbery into two grades, embracing together all of the essential ingredients of the common law crime, and affixed a punishment to each, the common law crime is superseded by these statutes, under the provisions of one or the other of which it must be prosecuted.

3. Where the Legislature has seen fit to enact *of what* a particular offense shall consist, the presence of all of the required components is necessary to constitute such offense; and, in an information for the same, no general description is sufficient, but the crime laid must be so described as to identify and distinguish it from every other offense.

4. The information, in this case (see opinion), charges *neither* grade of robbery under the statutes cited, but is a good information for larceny from the person (How. Stat. § 9139); and the unnecessary averments therein, to describe said offense, may be rejected as surplusage.

5. Where the complaint and warrant, upon which a preliminary examination is had, and the information filed in the circuit court, fail to suf-

ficiently charge a higher crime, but contain a full description of a lesser offense of the same nature, the respondent cannot complain that he has not had sufficient notice of the crime for which he is tried and convicted.

6. Where the trial judge in his charge stated the facts fairly to the jury, but more minutely than is usually necessary or desirable, but expressed no opinion thereon; and if any inference was drawn by the jury from such statement, it could only have been a legitimate one, which they would have been justified in deducing from the evidence, in the absence of such statement; and nothing appears to show that the respondent was harmed thereby,

*Held,* that no error was committed.

7. It is not error to instruct a jury, that, in weighing and determining the truth of defendant's testimony, they should take into consideration the interest he must necessarily have in the result of the trial; nor to refuse to instruct them, that they are to consider his testimony just as they would that of any other witness.

Error to Bay. (Green, J.) Argued January 27, 1886. Decided February 17, 1886.

Information for robbery. Convicted of larceny from the person. Respondent brings error. Affirmed. The facts are stated in the opinion.

*Mann & Van Kleeck,* for respondent :

Respondent was tried on an information charging him, under How. Stat. § 9091, with the crime of robbery, and the evidence offered by the people tended to prove that crime, if any. The information was silent as to whether respondent was armed or unarmed. How. Stat. §§ 9089–9091, provide a punishment for the crime of robbery, one when the robber is armed, and one when unarmed. These sections embrace different grades of the same general crime, but larceny from the person and robbery have always been recognized as separate and distinct offenses. Robbery, at common law, was always a felony, while larceny from the person was such, only in cases where the amount taken was over twelve cents in value: Cooley's Blackstone, Book 4, Marg. p. 241–2; and there can be no merger, for the offenses are not of the same character : *People v. Mather,* 4 Wend. 265 ; the essential elements of the two offenses are different. Robbery is accomplished by force or violence—or by putting in fear, while larceny from the person is a surreptitious taking, or by stealth, and a

separate offense : *King v. State*, 1 Am. Cr. R. p. 426 ; *Long v. State*, 12 Ga. 293. Respondent was charged with the commission of one crime, and convicted of another. This was a plain violation of section 28, Art. 6 of the constitution, as also of the common law, requiring that the crime intended to be charged shall be set forth with precision and fullness in the indictment. All the circumstances which constitute the crime must be stated with certainty and precision, that the respondent may be able to determine the species of offense they constitute, in order that he may prepare his defense : *Com. v. Slack*, 19 Pick. 304, and cases cited. Our own courts have fully recognized this rule : *People v. Marion*, 28 Mich. 255 ; *Brown v. People*, 29 Mich. 232 ; *People v. Olmstead*, 30 Mich. 431 ; *Chapman v. People*, 39 Mich. 357 ; *People v. Adams*, 52 Mich. 24 ; *People v. Blake*, 52 Mich. 569 ; *Tiedke v. City of Saginaw*, 43 Mich. 64 ; on questions of law and fact the judge and jury are respectively independent, and neither is allowed to invade the province of the other ; yet, in his charge, the judge expressed the opinion, and clearly suggested to the jury, that the evidence introduced by the defendant was untrue :[1] [The language complained of will be found in foot-note.—REPORTER.] *Mawich v. Elsey*, 47 Mich. 16 ; *Wheeler v. Wallace*, 53 Mich. 355 ; *People v. Hare*, 57 Mich. 505. There was error in that part of the charge relating to the weight to be given to defend-

---

[1] " Well, now you have the testimony of the defendant here, that they took nothing from him, that this money was taken out only for the purpose of showing that he had some money to treat, or to purchase a drink for himself. That White claimed to be thirsty, said a drink would set him all right. That they told him, or this defendant told him, that he had better be sure that he had money to pay for the drink before he went back, and that thereupon he took out what money he had in his pocket, and it was only fifty-five cents."

" Well, is it claimed that that wasn't enough to pay for the drink, or for three drinks? I think not. Fifty cents paid for some drinks at one time. Here was fifty-five cents. Now, what became of that money and what became of the drinks? There is no evidence tending to show that White went back to get a drink, and if that was the purpose of showing that money and he was anxious to get a drink to set him right, why didn't they go along with him, and why didn't he go along with them and get his drink? On the contrary, if you believe these two men, who witnessed the transaction about this time, that this fifty-five cents was taken out of White's pocket. They saw the witness White take out of his pocket, at the demand of three men, or appeared to take out something and hand it to this defendant. White says it was a ten dollar gold piece, and this evidence is offered in corroboration of what he said, that he had in his pocket other money that he handed this man."

[Then followed the portion of charge referring to the weight to be given to defendant's testimony as set forth in the opinion. REPORTER.]

ant's testimony. Under our statute, such testimony stands
before the jury the same as that of other witnesses, and is to
be weighed and tested by the same rules : *DeFoe v. People,*
22 Mich. 224; evidence of a witness is not always to be re-
jected because not corroborated, nor because of the interest
the witness may have in the result of the suit. It is to be
rejected only when the jury disbelieve it : *Panton v. People,*
Vol. 2, No. 4 N. E. R. 411 ; it is for the court to determine
the admissibility of evidence and for the jury, the degree of
credit to which it is entitled : *Newman v. People,* 63 Barb.
630.

*Moses Taggart,* Attorney General, and *John E. Simonson,*
Prosecuting Attorney for Bay County, for People   [Brief
by Mr. Simonson] :

Robbery, at common law, is defined to be a felonious tak-
ing of money or goods, of any value, from the person of
another, or in his presence, against his will, by violence or
putting in fear : 2d vol. Russell on Cr., p. 98 ; in the inform-
ation, in this case, the word "violently" is not used,
and not essentially necessary : Arch. Cr. Pr. & Pl. 1295,
vol. 2; 1 Hale, 534 ; *Smith's Case,* 2 East. P. C. C. 16 ; Bar.
166, pp. 783–4; and it contains all necessary elements of a
good common law information for robbery : *Com. v. Clifford,*
8 Cush. 215 ; 2 Arch. Pr. & Pl. 1294–5 ; *People v. Shuler,*
28 Cal. 490 ; *State v. Kegan,* 62 Ia. 106 ; *Com. v. Humpries,*
7 Mass. 242 ; 3 Chitty's Crim. Law, 805–6 ; *Com. v. Clifford,*
62 Mass. 216 ; 2 Stark's Crim. Pl. (2d ed.) 474 ; and such an
information need not state whether defendant was armed or
unarmed : Chitty Cr. Law, 805–6 ; Arch. Cr. Pr. & Pl., vol.
2, p. 1295 ; *State v. Kegan,* 62 Ia. 106. Robbery is a com-
mon law offense, and not a crime ordained by legislation ; the
statute exposes it to different grades of punishment, accord-
ing as it may or may not be accompanied by the incidents
specified in the statutes : How. Stat. §§ 9091–2.   Where the
offense is created by statute, which describes two distinct
offenses, the informant must set forth the facts so that it
shall judicially appear which offense is charged. If the offense
is a common law one, and the statute only distinguishes
between degrees of punishment, the common law information
will only carry with it the slightest punishment : *Harris v.
People,* 44 Mich. 305 ; *People v. Fairchild,* 48 Mich. 31;
How. Stat. § 9123.

Robbery is only an aggravated larceny : *Pitcher v. Peo-*

*ple*, 16 Mich. 148; 1 Bish. Cr. Law, 553, 567; 1 Whar. Cr. Law, § 858; and is larceny from the person accompanied by violence or putting in fear: *Com. v. Clifford*, 8 Cush. 215; *Com. v. Humpries*, 7 Mass. 242–4; if people fail to prove violence, threats, putting in fear, etc., the jury may acquit of robbery and convict of larceny from the person: 2 Arch. 1306; *Reg. v. Walls*, 2 Car. & K. 214; *Com. v. Burvett*, 6 Ky. L. Rep. 195; 4 Am. Cr. Rep. 561; *Fanning v. State*, 66 Ga. 167; *State v. Graff*, 24 N. W. R. (Ia.) 6; *Murphy v. People*, 3 Hun, 114. Complaint is made of isolated portions of the charge, as expressing an opinion on the facts and indicating that defendant's testimony was untrue. The bill of exceptions does not set forth all the evidence, or state that the substance is set forth, hence the charge must be presumed to be warranted by the evidence: *Cummins v. People*, 42 Mich. 142; *Farmers' Mut. Fire Ins. Co. v. Gargett*, Id. 289; and the charge must be considered as a whole, and all possible intendments made in its favor: *Paine v. Ringold*, 43 Mich. 341; *Souvais v. Leavitt*, 50 Mich. 108; and bias of judgment must be apparent to sustain an exception: *Merchants' Bank of Canada v. Ortmann*, 48 Mich. 419. The court should advise jury as to bearing of evidence: *Demill v. Moffat*, 45 Mich. 410; and it is not error to direct their attention to important pieces of evidence: *Beurmann v. Van Buren*, 44 Mich. 496; if charge is correct, though reason given involves opinion on facts, error is not committed: *Hatzenbuhler v. Lewis*, 51 Mich. 585; and an expression of opinion, on a question of fact, is not error if question is fairly left to the judgment of the jury: *Massoth v. Del. & Hud. Canal Co.*, 64 N. Y. 524; *Sindram v. People*, 88 N. Y. 196; applying these principles to the charge, and no error was committed. It is proper for the court to instruct the jury, that in weighing the defendant's testimony they should consider his interest in the result of the trial: *St. Louis v. State*, 8 Neb. 418; *Murphy v. State*, 19 N. W. R. 492; *People v. O'Neill*, 7 West Coast Rep. 369.

MORSE, J. The respondent in the circuit court for the county of Bay pleaded not guilty to the following information:

"*State of Michigan, County of Bay, ss.—The Circuit Court for the County of Bay:*

"John E. Simonson, prosecuting attorney for the county of Bay aforesaid, for and in behalf of the People of the

State of Michigan, comes into said court, in the June term thereof, A. D. 1885, and gives it here to understand and be informed, that Hulbert Calvin and Skill Doyle, late of the city of Bay City, in the county of Bay, and State of Michigan, heretofore, to-wit: On the seventeenth day of June, in the year 1885, at the city of Bay City, in said Bay county, with force and arms in and upon Louis White in the peace of the People of the State of Michigan, then and there being, feloniously did make an assault; and him, the said Louis White, in bodily fear then and there feloniously did put, and one ten-dollar gold coin of the currency of the United States of America, of the value of ten dollars, and to wit, about two dollars in silver money of the currency of the United States of America, of the value of two dollars, which money complainant is unable to more fully describe, all of the value of twelve dollars, of the goods, chattels, and property of Louis White, then and there from the person, and against the will of him, the said Louis White, feloniously did steal, rob, take, and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Michigan.

                              "JOHN E. SIMONSON,
        "*Prosecuting Attorney for the county of Bay.*"

Which information was duly verified.

Upon a trial under such information, the court instructed the jury that the respondent could not be convicted of robbery, but might be, under the information, if they found the evidence sufficient, found guilty of larceny from the person. He was convicted of the latter crime, and sentenced to the State's prison at Jackson for three years.

After the evidence was taken, and just previous to this ruling of the court, the counsel for respondent moved to quash the information, but the record is silent as to the reasons stated therefor.

The failure of the court to grant this motion and his instruction to the jury, are assigned as error. It is claimed upon the part of the defendant, that by this action he was charged and tried for one crime,—robbery,—and convicted of another and totally different one; that larceny from the person is not contained within the charge of robbery; and, also, that the information for the latter offense is fatally defective

in its failure to state whether the defendant was armed or unarmed: How. Stat. §§ 9089, 9091.

The counsel for the People insist that the motion to quash was too indefinite and vague, and came too late; that the information was a good common-law information for robbery, and that larceny from the person is contained within the common-law offense of robbery, as a crime of lesser grade.

It is evident that the information charges neither grade of robbery under our statutes. The crime of robbery is divided into two offenses: one in which the robbery is committed by an assault and robbery from the person, the robber being armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed (section 9089); the other in which the offense is perpetrated by force and violence, or by assault or putting in fear, and robbing, stealing. and taking from the person of another, the robber not being armed with a dangerous weapon (section 9091.)

This information fails to include the necessary constituents of either of these crimes, and under our decisions is worthless unless it can be sustained as a common-law charge of robbery or larceny from the person.

Under an information for the statutory offense of breaking and entering a building, with intent to steal, in *Hall v. People*, 43 Mich. 41S; it was held as follows:

" The Legislature has seen fit to enact of what [the offenses] they shall consist, and the presence of all the required components is necessary to mark the presence of the offense. No general description will answer. The crime laid must be so described as to identify it and distinguish it from every other. Here the breaking and entry are not charged as having been done in the night-time, and hence no crime is alleged under Comp. Laws, § 7563. They are not alleged to have been effected in the day-time, and, consequently, no offense is set up under Pub. Acts 1875, p. 131."

Judgment upon the information was held erroneous, and the respondent was discharged. See also, *Koster v. People*, 8 Mich. 431; *People v. Chappell*, 27 Mich. 486; *People v. Olmstead*, 30 Mich. 431; *Byrnes v. People*, 37 Mich. 515.

If the information charged no crime, the court had no jur-

isdiction to try the accused, and a motion to quash the information could not be too late.

The question now arises whether the common-law offense of robbery exists in this State, in view of the statutes above noted: How. Stat. §§ 9089, 9091. The information charges sufficiently the common-law offense: 2 Archb. Crim. Pr. 1295; 2 Bish. Crim. Proc. § 1002.

Our statutes seem to carve the crime of robbery under the common law, into two grades, as above set forth; and these two divisions of the offense embrace together, all of the essential ingredients of the common-law crime. A punishment is affixed to each. It was not the intention of the Legislature to create a new crime, but to define two grades of the offense, and provide a different punishment for each. *Com. v. Clifford*, 8 Cush. 217.

Having thus covered the crime by statutory definition and punishment, it would seem as if the offense of robbery in this State must be informed against under one or the other of these statutes. We must consider the common-law crime superseded by the statute, and punished only when prosecuted under one of the provisions of the statute; and the offense must be laid in conformity therewith: Bish. St. Cr. § 520.

There is no other punishment provided for robbery. We are corroborated in this view of the intention of the Legislature by the general statute, which provides in effect that every indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this State, shall be punished as a misdemeanor: How. Stat. § 9434. It certainly was not the intention of the Legislature to class any kind of robbery, or punish the same, only as a misdemeanor. It follows, then, that a common-law information for robbery is not permissible in this State, but the crime must be laid under the statute.

Under this view of the case it remains to be seen whether or not this information can be treated as a good information for larceny from the person.

Larceny from the person is defined and punished by our statute as follows:

"Every person who shall commit the offense of larceny, by stealing from the person of another, shall be punished by imprisonment in the state's prison not more than five years, or by imprisonment in the county jail not more than one year." How. Stat. § 9139.

The punishment is less than that for either grade of the statutory robbery.

It will be seen that there is no qualification or limit to this offense except "stealing from the person of another." However aggravated the act may be, whether with force and violence, or putting in fear, or whether the thief be armed or unarmed, the stealing is yet covered by this statute. It seems to make no distinction as to the means employed. It aims simply against any form of larceny from the person. The act of stealing from the person, aggravated by the further acts above enumerated, may, under other statutes, become robbery under one or the other of the grades of that crime. If the pleader in drawing this information had contented himself with charging larceny from the person, leaving out the averments of assault, putting in fear, and robbing, the evidence of force being used in the act of stealing could not have prevented a conviction under it.

Each of these offences under our statutes and at common law, to-wit, robbery and larceny from the person, include the stealing and taking of property from the person,—one by force and violence; the other need not be with force or violence; it may be by stealth. In both cases, however, the taking is regarded by the law as a larceny of the property.

In *State v. Graff*, (Iowa,) 24 N. W. Rep. 6, where a person was convicted under the Code of larceny from the person, the fact that the evidence showed the transaction to be a robbery, was held not to void the judgment. The court in that case say :

"The allegation in the indictment that defendant 'did steal' the property from the person of Dworsky, is sustained by proof that he took it from his person feloniously and with force. All that can be claimed is, that while the evidence established all of the elements of the crime charged, it proved one fact in addition thereto, and would have war-

ranted a conviction of another offense, if defendant had been accused of that offense. But this affords no ground for arresting judgment on the verdict."

Under the Code of Iowa the taking of property from the person with force or violence constitutes robbery, as in this State.

In *Wilson v. State*, 3 Tex. App. 63, a defective indictment for robbery charging as follows: " Unlawfully, willfully, and maliciously, and with force and violence, did take from the possession of," etc.,—was held a good indictment for "theft from the person," which crime, as laid by the Texas Code, is nearly identical with our statute against larceny from the person.

It has also been held in Illinois and Missouri, that a defective charge of robbery in an indictment would support a conviction of larceny; and that the allegations in the indictment which distinguished robbery from larceny, might be considered as surplusage. *State v. Jenkins*, 36 Mo. 372; *Collins v. People*, 39 Ill. 233.

We think these holdings to be correct, and in accordance with justice. If the information or indictment, although defective in its averments as to a higher crime, contains a full description of a lesser offense of the same nature, the respondent cannot complain that he has not had full and sufficient notice of the crime for which he is tried and convicted. And if, upon such a technicality as this, the accused should be discharged and escape all punishment, many a rogue might go unwhipt of justice.

In the absence of any showing in the record, we must take it for granted that the complaint and warrant upon which the respondent was examined before the magistrate, contained, substantially, the same averments found in the information. The respondent has, therefore, from the beginning, been fully informed that the offense for which he was put on trial was in fact a stealing from the person, which was clearly set forth in the process by which he was brought into court.

There was no error in the ruling of the trial judge in refusing to quash the information, or in instructing the jury

that he might be convicted of larceny from the person under it.

Objection is made to the language of the court in stating some of the testimony to the jury, in that he commented upon it in such a way as to suggest to them that the evidence of the defendant was untrue.   We do not think the language capable of that construction.   The facts were fairly stated to the jury, and nothing appears to show that the respondent was harmed by their being stated, perhaps more minutely than is usually necessary or desirable.   The trial judge expressed no opinion, and if any inference was drawn by the jury from his statement, it could only have been a legitimate one, which they would have been justified in deducing from the evidence had the judge embraced no statement of the facts in his charge.

Error is also assigned to another portion of the charge.   The counsel for respondent asked the court to instruct the jury that they must give the same consideration to the testimony of the defendant that they did to any other witness, and that if they believed his testimony, they should accept it even as against all other sworn testimony, which was given; but further on in his instructions the court said in relation to this same request:

"Now, I am asked to charge you, gentlemen, that you are to consider the testimony of this defendant just as you would the testimony of any other witness.   Give it the same consideration.   I can't charge you, gentlemen, that you are bound to give the same weight to it that you are to that of a disinterested person.   This man testifies as defendant, himself deeply interested, and has a motive for committing perjury or perverting facts which the other witnesses have not. It does not follow, therefore, that you must give the same weight to his testimony that you do to the testimony of any other witness, whether corroborated or uncorroborated."

The remarks of the court in relation to the weight of this testimony, as compared with witnesses not so deeply interested as the respondent in the issue of the trial, and his statement that it did not follow that the jury must give the same weight to respondent's testimony that they might

to other witnesses, was, in effect, nothing more than calling their attention to the fact that in weighing his testimony they should consider his interest in the case, and the motive that he might have for not telling the truth. It was just and proper, in view of the request he had given in which no distinction was made between respondent's testimony and that of any other witness, that the jury should be instructed that in weighing and determining its truth they should take into consideration the interest he must necessarily have in the result of the trial.

There being no error in the record, the judgment of the court below is affirmed.

The other Justices concurred.