PEOPLE v GREENE

1. CRIMINAL LAW—EVIDENCE—PRIOR CONSISTENT STATEMENTS.
Prior consistent statements by a defendant are not admissible into evidence in a criminal case where there has not been an impeachment of the defendant's testimony.

2. JURY—COMPOSITION—OBJECTION—WAIVER.
Objection to the composition of the jury is waived if the objecting party fails to exhaust his peremptory challenges or later expresses satisfaction with the jury.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 June 10, 1972, at Detroit. (Docket No. 12257.) Decided July 25, 1972. Leave to appeal denied, 388 Mich 783.

Albert Greene was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Joseph P. Zanglin,* for defendant on appeal.

Before: DANHOF, P. J., and LEVIN and BORRADAILE,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses §§ 817–819.
[2] 47 Am Jur 2d, Jury §§ 232, 233, 241, 255.
* Probate judge, sitting on the Court of Appeals by assignment.

DANHOF, P. J. The defendant was convicted in a jury trial of armed robbery. MCLA 750.529; MSA 28.797. He was sentenced to a prison term of 10 to 20 years and appeals.

On appeal defendant complains that he was denied effective assistance of counsel. However, examination of the trial record does not disclose the "sham trial" standard of *People v Degraffenreid,* 19 Mich App 702 (1969), which is necessary to warrant reversal.

Defendant next contends that the trial court erred in excluding evidence of defendant's prior consistent statements professing innocence made immediately after his arrest. The record discloses that such prior consistent statements were offered before the defendant had testified and before there had been any impeachment of the defendant's testimony. The general rule is that prior consistent statements are not admissible into evidence where there has not been an impeachment of the defendant's testimony. Wigmore on Evidence (3d ed), § 1124, p 194.

Defendant next alleges that the trial judge erred in instructing the jury on aiding and abetting. The record discloses that not only did defendant's counsel fail to object to the charge as given, but stated, "Your Honor, the defendant is very satisfied". This Court will not hear an objection to an instruction for the first time on appeal. *People v Tubbs,* 22 Mich App 549 (1970); *People v Keys,* 9 Mich App 482 (1968).

Defendant next complains about the composition of the jury. The record discloses that the defendant failed to exhaust his peremptory challenges and expressed satisfaction with the composition of the jury at the close of voir dire. Objection to the composition of the jury is waived if the objecting

party fails to exhaust his peremptory challenges or later expresses satisfaction with the jury. *People v Tubbs, supra.*

Affirmed.

BORRADAILE, J., concurred.

LEVIN, J., concurred in result.