PEOPLE v ROGERS

Docket No. 61879. Argued January 9, 1980 (Calendar No. 9).—Decided
    May 18, 1981.

Jan C. Rogers was convicted by a jury in Recorder's Court of
    Detroit, Dalton A. Roberson, J., of uttering and publishing a
    forged instrument. The defendant testified that she "asked" a
    teller at the main office of the National Bank of Detroit about a
    check drawn on the account of Udo L. Salk Electric Company
    which was payable to Jan C. Rogers and which the defendant
    had indorsed as the payee. The teller found that the check had
    been reported stolen, and the defendant was arrested. The
    Court of Appeals, R. M. Maher, P.J., and J. H. Gillis and
    McGregor, JJ., in an unpublished per curiam opinion, reversed
    the defendant's conviction on the ground that it was error for
    the trial court to refuse the request of defense counsel, before
    the deliberation of the jury had begun, to instruct the jury on
    attempted uttering and publishing (Docket No. 77-4532). The
    people appeal. *Held:*

    1. Attempted uttering and publishing of a forged instrument
    is a necessarily lesser included offense of uttering and publish-
    ing. An issue at trial was whether the forged check was
    "presented". The defendant's testimony of her inquiry about
    the check falls short of the actual representation that the check
    is genuine, which is the presentment necessary for the com-
    pleted crime of uttering and publishing. The evidence presented
    would support conviction of the attempted crime and the
    refusal to instruct the jury on attempt was reversible error. If
    the jury had been instructed on attempt, it might have given
    some credence to the defendant's testimony and her theory of
    the case, while still finding that the instrument was forged and
    was presented by the defendant.

    2. Although the court rules permit written requests for

REFERENCES FOR POINTS IN HEADNOTES
[1] 36 Am Jur 2d, Forgery §§ 20, 44 *et seq.,* 51.
[2, 3] 36 Am Jur 2d, Forgery §§ 20, 46.
[4] 36 Am Jur 2d, Forgery § 51.
    75 Am Jur 2d, Trial §§ 583, 584, 601, 906, 909.

instructions to the jury at or before the close of the evidence, the language of the court rules does not foreclose oral requests nor limit the time for making them. A request for instructions made before the jury is released to begin deliberation is timely. In this case, the trial lasted one-half day, and the jury was instructed immediately following the argument of counsel. When the prosecutor objected that the defendant's request for an instruction was untimely, the trial court found that the speed of the trial and the lack of opportunity to consult with counsel about the charge given by the court made the objection unrealistic. The defendant's request was made at the first available opportunity and prior to the commencement of deliberation by the jury; it therefore was timely.

Affirmed.

1. FORGERY — UTTERING AND PUBLISHING — ATTEMPT — LESSER INCLUDED OFFENSES — INSTRUCTIONS TO JURY.

Attempted uttering and publishing of a forged instrument is a necessarily included offense of uttering and publishing a forged instrument; accordingly, a defendant charged with uttering and publishing is entitled to a requested instruction on the attempted offense, and refusal so to instruct the jury is reversible error, if evidence has been presented which will support a conviction of the lesser included offense (MCL 750.92, 750.249; MSA 28.287, 28.446).

2. FORGERY — UTTERING AND PUBLISHING — ATTEMPT — PRESENTMENT.

Testimony by a defendant that she had "asked" a bank teller about a forged check, if it is given credence by the jury, falls short of the actual representation that the check is genuine, which is the presentment necessary for the completed crime of uttering and publishing (MCL 750.92, 750.249; MSA 28.287, 28.446).

3. FORGERY — UTTERING AND PUBLISHING — ATTEMPT — EVIDENCE — SUFFICIENCY.

Sufficient evidence was adduced at trial to support a conviction of attempted uttering and publishing of a forged instrument where the issue was whether the defendant presented a forged check, which had been reported as stolen by the business on which it was drawn and which was made payable to the defendant, to a teller and the defendant testified that she had "asked" the teller about the check before she was arrested (MCL 750.92, 750.249; MSA 28.287, 28.446).

4. Criminal Law — Instructions to Jury — Request for Instruc-
   tions — Timeliness.

   An oral request by the defendant for an instruction on an
   attempt to commit the crime charged, which was made when
   the trial court asked if there were any objections to the
   instructions given to the jury, is timely where the trial lasted
   one-half day, the jury was instructed immediately following the
   argument of counsel, the trial court found that the request was
   made at the first available opportunity, and it was made before
   the commencement of deliberation by the jury (GCR 1963,
   516.1).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Paul G. Bruno,* Assistant Prosecuting Attorney, for the people.

*Beverly Clark* for defendant.

Williams, J. *(for affirmance).* We granted leave to appeal in this matter to determine whether the trial court reversibly erred in refusing to instruct the jury as to attempted uttering and publishing, when the facts adduced at trial arguably supported a conviction on either a completed or an attempted offense. We hold that such refusal constituted reversible error. The Court of Appeals is affirmed.

I

On April 20, 1976, defendant Jan C. Rogers approached a teller at the main branch of the National Bank of Detroit. Ms. Rogers testified that she "asked" the teller about a check in the amount of $652.76, drawn on the Udo L. Salk

Electric Company, which she had indorsed as the payee. The teller reviewed bank records and determined that the check had been stolen. Ms. Rogers was directed to the management area, where she was arrested by Detroit police officers and charged with uttering and publishing a forged instrument, MCL 750.249; MSA 28.446.

On February 23, 1977, defendant was convicted in the Recorder's Court of the City of Detroit of uttering and publishing. The jury had been instructed to consider only two possible verdicts: guilty or not guilty of the charged offense. However, after the jury had been so instructed but before it commenced deliberations, defense counsel requested an additional instruction on the lesser included offense of attempted uttering and publishing. This instruction was refused because the trial court erroneously believed that attempt was not a lesser included offense of uttering and publishing. The jury subsequently brought in a verdict of guilty of the charged offense; defendant was sentenced to three years probation.

The Court of Appeals held that the trial court's refusal to give the properly requested instruction on a "necessarily" included lesser offense of attempt constituted reversible error. Defendant's conviction was set aside, and the case remanded for entry of a judgment of guilty of attempted uttering and publishing or, in the prosecutor's discretion, a new trial.[1]

The prosecution's application for leave to appeal was granted on February 6, 1979. 405 Mich 822 (1979). Oral arguments were conducted on January 9, 1980.

---

[1] Unpublished per curiam opinion, Docket No. 77-4532, July 20, 1978.

II

In *People v Ora Jones,* 395 Mich 379, 390; 236 NW2d 461 (1975), we read:

"The duty of the trial judge to instruct on lesser included offenses is determined by the evidence. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971). If evidence has been presented which would support a conviction of a lesser included offense, refusal to give a requested instruction is reversible error. *Id.* at 36. *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889)."

The common-law definition of a "necessarily" lesser included offense is that the lesser must be such that it is impossible to commit the greater without first having committed the lesser. 4 Anderson, Wharton's Criminal Law and Procedure (1957 ed), § 1799, pp 631-632.

We recognized in the *Guilty Plea Cases,* 395 Mich 96, 131; 235 NW2d 132 (1975), that attempted uttering and publishing is a necessarily lesser included offense of uttering and publishing:

"A person intent on committing this crime might, for example, enter a bank with a forged instrument and be *apprehended as he is withdrawing it from his wallet immediately before uttering it.* Such conduct could constitute the crime of attempted uttering and publishing." (Emphasis added.)

At issue during defendant's trial was whether the instrument was "presented". The defendant testified that she "asked" the teller about the check. Such an inquiry falls short of the actual representation that the check is genuine necessary for presentment.

The standard for determining whether an attempt instruction should have been offered upon request was enunciated in *People v Chamblis,* 395 Mich 408, 423; 236 NW2d 473 (1975):

"In determining whether the instruction should be given, the trial court should consider whether, if the defendant had been originally charged only on the lesser offense, the evidence adduced at trial would have supported a guilty verdict on that charge. If it would have, the requested instruction must be given."

Since the evidence presented would support an original charge of attempted uttering and publishing, the requested attempt instruction was proper and the refusal to give it reversible error. *People v Phillips, supra.* Further, as in *People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979), the instant jury may have been reluctant to acquit defendant where there was evidence tending to show that she was guilty of a lesser crime. If the jury had been instructed on attempted uttering and publishing, it might have given some credence to defendant's claimed lack of knowledge and intent, while still finding that the instrument was forged and was presented by the defendant. The requested instruction would avoid the *Kamin* problem by permitting the jury to convict defendant in accordance with her own testimony, evidence, and theory of the case.

We have found evidence to support a conviction of attempted uttering and publishing.

III

Another consideration in determining the pro-

priety of a lesser included offense instruction is the timeliness of the request.[2]

The trial in the instant case took place in a single afternoon. Immediately following the closing arguments, the trial court instructed the jury. Before deliberations began, comments on the instructions were solicited from counsel; at that juncture, defense counsel requested the attempt instruction. The prosecutor objected that the request was untimely, but the trial court noted that the speed of the trial and the lack of opportunity to consult with counsel about the charge made such an objection unrealistic.

Although GCR 1963, 516.1 provides that "[a]t or before the close of the evidence, any party may * * * file written requests" for instructions, such language does not foreclose oral requests nor limit the time for making them. *People v Smith,* 388 Mich 457; 203 NW2d 94 (1972). Further, it has been held that a request made before the jury is released to begin deliberations is timely. *People v Louis Jones,* 71 Mich App 270; 246 NW2d 381 (1976).

Since the request for instruction on attempted uttering and publishing was made at the first available opportunity, and prior to the commencement of the jury's deliberations, we find it timely. Thus, the final criterion of propriety is resolved in favor of defendant.

## IV

We hold today that the trial court erred in

---

[2] Timeliness is not a factor in first-degree murder cases to the extent that the trial court is required to instruct the jury *sua sponte,* and even over objection, on the included offense of second-degree murder. *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975).

refusing to instruct the jury on attempted uttering and publishing since there is evidentiary support for the attempt charge, and the request for instructions was timely made.

The Court of Appeals is affirmed.

COLEMAN, C.J., and KAVANAGH, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with WILLIAMS, J.