PEOPLE v ADAMS

Docket No. 63780. Argued January 5, 1982 (Calendar No. 1).—Decided
    December 23, 1982.

John E. Adams was convicted by a jury in the Lapeer Circuit
    Court, Norman A. Baguley, J., of three counts of unarmed
    robbery and of larceny from the person. The Court of Appeals,
    M. J. Kelly, P.J., and M. F. Cavanagh and Cynar, JJ., granted
    the defendant's motion for peremptory reversal of the unarmed
    robbery convictions because the trial judge refused to give the
    defendant's requested instructions on attempted armed robbery
    and attempted unarmed robbery (Docket No. 78-5367). The
    people appeal.

In an opinion by Justice Levin, joined by Chief Justice
    Fitzgerald and Justices Kavanagh and Williams, the Supreme
    Court *held:*

A defendant's request for jury instructions on attempt to
    commit the offense charged or one of the necessarily included
    offenses of the offense charged must be granted only where
    there is evidence, or, on a jury view, a lack of evidence, tending
    to establish the elements of the cognate offense of attempt.

1. The purpose of instructing a jury on lesser included or
    cognate offenses of a charged offense is to inform the jury of the
    verdicts it may return if it finds that the prosecution has
    proven some, but less than all, the elements of the charged
    offense, or if there is evidence tending to establish an element
    of an offense which has an element that is not an element of

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 876-882.

What constitutes lesser offenses "necessarily included" in offenses
    charged, under Rule 31(c) of Federal Rules of Criminal Procedure.
    11 ALR Fed 173.

Modern status of law regarding cure of error, in instruction as to
    one offense, by conviction of higher or lesser offense. 15 ALR4th
    118.

[2-4] 21 Am Jur 2d, Criminal Law § 158 *et seq.*

[2-5] 75 Am Jur 2d, Trial § 878 *et'seq.*

[3] 67 Am Jur 2d, Robbery § 68 *et seq.*

[4] 75 Am Jur 2d, Trial §§ 574, 877.

the charged offense. Neither an attempt to commit an offense nor all the elements of an attempt to commit an offense are elements of the completed offense. While a completed offense may necessarily include conduct which, taken alone, would constitute an attempt to commit the offense, because the elements of an attempt are not duplicated in the completed offense, the trial court need not instruct the jury on attempt without regard to the evidence or the defense.

2. In this case, if the elements of armed robbery were successively eliminated, the offense of attempt to commit armed robbery or any necessarily included offense of armed robbery would not emerge. The defendant did not assert that the armed robbery did not occur or that only an attempt to rob was made, but that he had acted under duress, a defense which the jury rejected.

Justice Ryan, joined by Justice Coleman, concurring in the result, wrote that the appropriateness of instructions on lesser included offenses is determined by the evidence. An instruction on a lesser included offense is required only where disputed factual issues would rationally support acquittal of the greater offense and conviction of the lesser.

Reversed and remanded.

*People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), overruled.

### Opinion of the Court

1. Criminal Law — Jury Instructions — Lesser Included Offenses.

A defendant's request for jury instructions on attempt to commit the offense charged or one of the necessarily included offenses of the offense charged must be granted only where there is evidence, or, on a jury view, a lack of evidence, tending to establish the elements of the cognate offense of attempt.

2. Criminal Law — Jury Instructions — Attempt.

A trial court need not instruct a jury on attempt to commit the offense charged without regard to the evidence or the defense presented or argued because even though the completed offense may necessarily include conduct which, taken alone, would be an attempt, the elements of an attempt are not duplicated in the completed offense.

3. Robbery — Armed Robbery — Jury Instructions — Lesser Included Offenses.

A trial court was not required to instruct the jury on the offenses

of attempted armed robbery and attempted unarmed robbery requested by a defendant charged with armed robbery where the evidence established that an armed robbery was committed, and the defendant asserted that he acted under duress in participating.

4. CRIMINAL LAW — JURY INSTRUCTIONS — ATTEMPT.

A trial court has the discretion, without a request, to instruct on attempt to commit the offense charged, and is obliged to instruct on attempt where the defense offered is that there was only an attempt and there is evidence that the completed offense may not have been committed or where the defense is that the jury should not credit evidence tending to show that the offense charged was completed.

OPINION CONCURRING IN RESULT BY RYAN, J.

5. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

*A lesser included offense instruction is required only when there are disputed factual issues which would rationally support acquittal of the greater offense and conviction of the lesser.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Earl H. Morgan, Jr.,* Prosecuting Attorney, for the people.

*Thomas & Rapp* (by *Robert W. Thomas)* for the defendant.

LEVIN, J. The defendant, John Edward Adams, was originally charged with armed robbery. He was convicted by a jury of three unarmed robberies and one larceny from the person following a holdup at a cocktail lounge.[1] The Court of Appeals

[1] The evidence tended to show that the defendant and his brother were drinking at the Happy Hour Bar in Flint. They stopped at the brother's home where the brother picked up a shotgun, but the defendant said he did not see him do so. They arrived at the Back Door Lounge where each ordered a beer. The brother left to go to the car and returned with a shotgun and announced a robbery. The defendant collected patrons' wallets and money from the cash register. The defendant admitted his participation in the commission of the offense but asserted, and there was some evidence from other witnesses to support this, that when his brother re-entered the bar

reversed because the trial judge refused to give defendant's requested instructions on attempted armed robbery and attempted unarmed robbery.[2] We reverse and reinstate the convictions.

In *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), the defendant was charged with armed robbery. This Court reversed the defendant's conviction of larceny from the person because the judge had refused to instruct, as requested by the defendant's lawyer, on the lesser included offense of attempted armed robbery. We said that attempted armed robbery is "necessarily included".

While a completed offense may necessarily include as a factual matter[3] conduct that, taken alone, would constitute an attempt to commit the offense, we are now of the opinion that because the elements of an attempt are not duplicated in the completed offense the judge is not required to instruct the jury on attempt without regard to the evidence or the defense presented or argued.

The purpose of instructions on lesser included offenses is to inform the jury of the verdicts it may return (1) for necessarily included or cognate offenses, if it finds that the prosecution has proven some, but less than all, elements of the charged offense, and (2) for cognate offenses, if there is evidence tending to establish an element of an offense having an element that is not an element of the charged offense.

---

with the gun, he just sat there. He testified that he picked up the billfolds "[b]ecause I was afraid for my own life, besides other people's, I didn't know but what he would shoot somebody". The jury was instructed on defendant's defense of duress, but rejected it.

The brother pled guilty to a charge of unarmed robbery and testified for the defendant at his trial.

[2] The order of the Court of Appeals is unreported.

[3] In the instant case, there was evidence tending to show that the defendant joined a robbery in progress without having participated in the preceding attempt to commit it.

Neither an attempt to commit an offense nor all the elements of an attempt to commit an offense are elements of the completed offense. See Part II.

A defendant's request to instruct the jury that it may find the defendant guilty of the cognate offense of attempt to commit the charged offense or of one of the necessarily included offenses of the charged offense must therefore be granted only where there is evidence, or on jury view a lack of evidence, tending to establish the elements of the cognate offense of attempt.

I

In *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), this Court said that a defendant has a right to a jury determination on each element of the crime charged. The jury may find an element lacking notwithstanding overwhelming evidence to the contrary.[4]

By charging an offense, the prosecutor asserts

---

[4] In *People v Chamblis,* 395 Mich 408, 420-423; 236 NW2d 473 (1975), this Court said:

" 'Once a plea of not guilty is entered, the defendant "has an absolute right to a jury determination upon all essential elements of the offense. This right, emanating from the criminal defendant's constitutional right to trial by jury, is neither depleted nor diminished by what otherwise might be considered the conclusive or compelling nature of the evidence against him * * *." ' '

\* \* \*

"The judge may not instruct the jury that if it believes a witness' evidence on one element it must believe that witness' evidence as to another element, even though in the judge's view any other finding would be inconsistent or illogical.

\* \* \*

"The judge's right and obligation to charge does not depend upon whether there is a conflict or rebuttal or impeachment of the people's evidence. In determining whether to instruct on a lesser included offense, the judge should recognize the jury's right to believe or disbelieve any or all of a witness' testimony."

that he can establish all the elements of a necessarily included offense. Only the jury can decide which elements of the charged offense or of any necessarily included offense are present or lacking. The failure to give an instruction on necessarily included offenses may deprive the defendant of his right to have the jury, not the judge or prosecutor, find the facts and determine whether the requisite elements are present.

Unless a jury instructed on a greater offense is advised of the necessarily included offenses of which it may convict if it fails to find an element of the charged offense, it may, because of incomplete instruction, enter a verdict not consistent with its finding that the element was not proven beyond a reasonable doubt.

If the elimination of an element of the charged offense yields a lesser offense, the jury, upon due request from defendant's lawyer, must be instructed what verdict to return if it finds that element to be lacking.

## II

Neither an attempt to commit an offense nor all its elements are elements[5] of the completed offense. In instructing the jury on armed robbery, the judge identifies eight or nine[6] elements, none

---

[5] LaFave & Scott, Criminal Law, § 59, p 423:

"The crime of attempt, a relatively recent development of the common law, consists of: (1) an *intent to do an act* or to bring about certain consequences which would in law *amount to a crime;* and (2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation." (Emphasis supplied.)

See *People v Coleman,* 350 Mich 268, 276; 86 NW2d 281 (1957), and *People v Bowen,* 10 Mich App 1, 7; 158 NW2d 794 (1968).

[6] The authorities are in agreement regarding the elements, but they are grouped differently.

CJI 18:1:01 states there are seven elements of armed robbery.

of which is an attempt to commit the offense. If the elements of armed robbery were successively peeled away, singly or in various combinations, the offense of attempt to commit armed robbery, or any necessarily included offense of armed robbery, would not emerge.

Since a jury asked to determine whether the elements of armed robbery have been established need not be instructed on attempt to commit that offense or a necessarily included offense in order to know what verdict to return if it finds some but not all the elements of armed robbery, the judge need not instruct on attempt unless there is evidence, or on jury view a lack of evidence, indicating that only an attempt was committed.

### III

We have considered whether in the instant case there was evidence that only an attempt was committed and thus an instruction was required on attempt as a cognate offense.

The defendant testified that an armed robbery was committed and that it was in progress when he joined it. He did not ask the jury, for example, to disbelieve the evidence that wallets were taken,

Clark & Marshall, Crimes (7th ed), § 12.09, pp 881-882, states the elements of larceny under three headings and of robbery in two more; armed would make it six.

LaFave & Scott, fn 5 *supra,* § 94, p 692, states that there are eight elements of robbery, and one more for being armed would make it nine:

"Robbery consists of all six elements of larceny—a (1) trespassory (2) taking and (3) carrying away of the (4) personal property (5) of another (6) with intent to steal it—plus two additional requirements: (7) that the property be taken from the person or presence of the other and (8) that the taking be accomplished by means of force or putting in fear."

See, also, *People v Calvin,* 60 Mich 113, 120; 26 NW 851 (1886).

asserting that there was no larceny, only attempted larceny or robbery, but asserted that he acted under duress in collecting the wallets.

In providing for instructions on cognate offenses where the evidence or lack of evidence warrants, this Court drew a distinction between necessarily included and cognate offenses so that an instruction on a cognate offense would not be required in every case. It would be inconsistent with that approach to require an instruction on the cognate offense of attempt in every case because factually the charged offense cannot be committed without committing the cognate offense of attempt, and would transform attempt, which is not, because its elements are not elements of the charged offense, into a necessarily included offense although it is not elementally a necessarily included offense. We decline to so erase the distinction between necessarily included and cognate offenses which serves to create some balance in the number of lesser-offense instructions required.[7]

We add that a judge has the discretion, without request,[8] to instruct on attempt and is obliged to instruct on attempt when the defense is that there was only an attempt and there is evidence that the completed offense may not have been committed or the defense is that the jury should not credit evidence tending to show that it was completed.

[7] The obligation to instruct on a lesser offense whenever there is evidence that the offense was committed, without regard to whether the elements of that offense are duplicated in the greater offense, is unaffected by today's decision. The distinction between necessarily included offenses, lesser cognate offenses, and factually included offenses is irrelevant where there is evidence from which the jury could conclude that the offense upon which a charge is requested was in fact the actual crime committed.

[8] *Chamblis, supra,* p 417.

*People v Lovett* is overruled to the extent that it is inconsistent with this decision.

Reversed and remanded to the Court of Appeals for further proceedings consistent with this opinion.[9]

FITZGERALD, C.J., and KAVANAGH and WILLIAMS, JJ., concurred with LEVIN, J.

RYAN, J. *(concurring in result).* I agree with my brother's opinion insofar as it holds that the trial judge did not err in refusing to instruct on attempted armed robbery and attempted unarmed robbery when the undisputed facts established a completed robbery. It has long been the law in this state that refusal to give a lesser included offense instruction supported by the facts constitutes reversible error. *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889). The appropriateness of lesser included offense instructions is determined by the evidence. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971). A lesser included offense instruction is required only when there are disputed factual issues which would rationally support acquittal of the greater offense and conviction of the lesser offense. *Sansone v United States,* 380 US 343, 349-350; 85 S Ct 1004; 13 L Ed 2d 882 (1965).

We applied these well-established principles in *People v Rogers,* 411 Mich 202; 305 NW2d 857 (1981), when we carefully examined the record and concluded that the evidence would rationally support a conviction of attempted uttering and publishing. A similar examination of the record in this

[9] It appears that the defendant filed a timely claim of appeal and a brief on appeal. The Court of Appeals entered an order granting defendant's motion for peremptory reversal. It does not appear whether the defendant raised other issues with the Court of Appeals and, if so, whether they were considered and decided by the Court of Appeals.

case reveals that no rational view of the evidence would support an attempted robbery conviction. The jury was instructed on the defendant's theory of duress, both initially and in supplemental instructions. The jury chose to reject that defense. The failure to give instructions not supported by the evidence cannot be a basis for reversal.

I would reverse the Court of Appeals and reinstate the defendant's convictions.

COLEMAN, J., concurred with RYAN, J.

RILEY, J., took no part in the decision of this case.