## PEOPLE v SIDNEY SMITH

Docket No. 50618. Submitted November 13, 1980, at Detroit.—Decided March 11, 1981.

Sidney Q. Smith pled guilty to larceny in a building and of being an habitual offender pursuant to a plea-bargain agreement, Macomb Circuit Court, Robert J. Chrzanowski, J. He appeals, alleging that the trial court erred in not properly apprising him of the consequences of his pleas, in failing to inform him of his right to withdraw his pleas prior to acceptance, and in failing to impose an indeterminate sentence. *Held:*

1. The trial court was not required to apprise defendant of the rights waived by his guilty pleas separately for each of the charges. The court's method in taking his pleas complied with applicable requirements.

2. The trial court was not required to inform defendant of his right to withdraw his pleas prior to acceptance.

3. The trial court erred in not imposing an indeterminate sentence.

Affirmed in part, reversed in part, and remanded.

1. CRIMINAL LAW — GUILTY PLEAS — WAIVER OF RIGHTS — COURT RULES.

The purpose of the court rule which requires a trial court to apprise a criminal defendant of the rights which are waived by a guilty plea is to ensure that such a plea is knowing and voluntary (GCR 1963, 785.7).

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21 Am Jur 2d, Criminal Law §§ 487-489.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19.

[4] 21 Am Jur 2d, Criminal Law §§ 503-506.

Withdrawal of plea of guilty or nolo contendere, under Rule 32(d) of Federal Rules of Criminal Procedure. 6 ALR Fed 665.

[5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 7.

[6] 21 Am Jur 2d, Criminal Law §§ 540, 592.

2. CRIMINAL LAW — GUILTY PLEAS — WAIVER OF RIGHTS — MULTIPLE CHARGES — COURT RULES.

A trial court is not required to apprise a criminal defendant of the rights waived by a guilty plea separately for each of multiple crimes charged; it is sufficient if a factual basis for each charge is established, and thereafter the court, following a single apprisal, determines that the defendant understands the waiver involved relative to each charge (GCR 1963, 785.7).

3. CRIMINAL LAW — GUILTY PLEAS — WAIVER OF RIGHTS — HABITUAL OFFENDERS — COURT RULES — STATUTES.

A trial court must apprise a criminal defendant of the rights waived by a guilty plea to an habitual offender charge before accepting the plea (GCR 1963, 785.7).

4. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS — WAIVER OF RIGHTS — COURT RULES.

A criminal defendant has a right to withdraw his guilty plea prior to its acceptance by the trial court; however, the court is not required to so inform the defendant prior to accepting his plea (GCR 1963, 785.7[1]-[4], [6][a]).

5. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCES — STATUTES.

A trial court in imposing a sentence requiring enhancement because of a defendant's prior felony conviction must impose a minimum and maximum term of years of imprisonment (MCL 769.10; MSA 28.1082).

6. CRIMINAL LAW — SENTENCING — STATUTES.

The minimum term of an indeterminate sentence given pursuant to the penalty enhancement provisions prescribed by statute may not exceed two-thirds of the maximum term (MCL 769.10; MSA 28.1082).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Attorney, and *Joseph G. Wetzel,* Assistant Prosecuting Attorney, for the people.

*Robert A. Binkowski,* for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and CYNAR, JJ.

PER CURIAM. On November 16, 1979, defendant pled guilty to larceny in a building contrary to MCL 750.360; MSA 28.592 and of being a second-time felony offender contrary to MCL 769.10; MSA 28.1082. The pleas were given pursuant to a bargain whereby the prosecutor agreed not to charge defendant as a four-time felony offender. MCL 769.12; MSA 28.1084. On December 6, 1979, defendant was sentenced to a straight six-year term of imprisonment. He now appeals as of right.

Defendant first contends that the trial court erred in not carrying out the inquiries mandated by GCR 1963, 785.7 twice: once for the larceny charge and once for the habitual offender charge. We disagree. The purpose of the court rule requiring the trial judge to apprise a defendant of the rights he is giving up by pleading guilty is to ensure that the plea is knowing and voluntary. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975). We are convinced that this purpose was fulfilled by the plea-taking procedure used in this case.

The trial court first established the factual basis for the larceny charge and then the factual basis for the habitual offender charge. Thereafter, the court carefully complied with GCR 1963, 785.7, specifically asking defendant if he understood that he was waiving his rights in respect to both charges wherever applicable. The method of taking the pleas was straightforward and not in the least bit confusing. It was not necessary for the court to waste its time and that of the attorneys by going through GCR 1963, 785.7 twice.

Defendant relies on *People v Stevens,* 88 Mich App 421; 276 NW2d 910 (1979), for the proposition that the procedure utilized here was improper. All we said in *Stevens* was that before a plea of guilty to an habitual offender charge could be accepted,

GCR 1963, 785.7 must be complied with. This was done in the instant case. Defendant was fully informed of all the rights he would be giving up should he choose to plead guilty to being a two-time felony offender, as well as the maximum sentence he could receive on the charge. This case is totally unlike *Stevens* where the defendant was allowed to plead guilty without being informed of the maximum sentence he could receive or of any of the rights he would be giving up by his plea of guilty.

Defendant next argues that the trial court was required to advise him that he had a right to withdraw his plea prior to its acceptance. While it's true that GCR 1963, 785.7(6)(a) gives a defendant this right, there is no requirement that he be so informed. GCR 1963, 785.7 only requires the court personally to carry out subrules GCR 1963, 785.7(1)-(4) prior to accepting the plea. The Supreme Court, by not including the right to withdraw the guilty plea prior to acceptance in GCR 1963, 785.7, subrules (1)-(4), has impliedly indicated that this is unnecessary.

The prosecution agrees with defendant that this matter must be remanded for resentencing. Effective September 1, 1978, MCL 769.10; MSA 28.1082 was amended to provide that an indeterminate sentence be given pursuant to the penalty enhancement provisions of the statute. We agree with defendant and the prosecution that due to this amendment defendant must be given a new sentence. Upon remand, an indeterminate sentence is to be imposed. The minimum term of this sentence permissibly cannot exceed two-thirds of the maximum term to comply with the rule of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

Remanded for proceedings consistent with this opinion.