PEOPLE v ALBERT

Docket No. 60540. Submitted July 13, 1982, at Detroit.—Decided October 7, 1982.

Defendant, William James Albert, was convicted, on his plea of nolo contendere, of armed robbery, Recorder's Court of Detroit, John Patrick O'Brien, J. Defendant appealed. *Held:*

1. The court rule which governs procedures to be followed in accepting a plea of guilty does not require the trial court to advise a defendant relative to any consequences of the statute proscribing eligibility for parole until the minimum term of a sentence for certain crimes is served.

2. The trial court properly informed defendant that the minimum sentence for armed robbery was "any term of years", in conformity with GCR 1963, 785.7(1)(d).

3. The trial court adequately apprised defendant of his right to trial and those rights attendant thereto.

4. The trial court did not coerce defendant's plea.

5. The trial court did not sentence defendant in conformity with a prior sentence bargain. Defendant must be resentenced in conformity with the sentence bargain or be permitted to withdraw his plea.

Remanded with instructions.

1. Criminal Law — Guilty Pleas — Court Rules — Plea-Taking Procedure.

The court rule which governs procedures to be followed in accepting a plea of guilty does not require the trial court to advise a defendant relative to any consequences of the statute proscribing eligibility for parole until the minimum term of a sentence

---

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 477, 480.

[2] 21 Am Jur 2d, Criminal Law §§ 472, 476, 477, 479.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3] 21 Am Jur 2d, Criminal Law § 492.

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

[4] 21 Am Jur 2d, Criminal Law § 485.

for certain crimes is served (MCL 791.233b; MSA 28.2303[b]; GCR 1963, 785.7).

2. ROBBERY — GUILTY PLEAS — SENTENCING — COURT RULES.

A trial court which informs a criminal defendant prior to acceptance of his guilty plea that the minimum penalty for conviction of armed robbery is imprisonment for any term of years sufficiently complies with the court rule requiring the trial court to inform the defendant of any mandatory minimum prison sentence for an offense (MCL 750.529; MSA 28.797; GCR 1963, 785.7[1][d]).

3. CRIMINAL LAW — NOLO CONTENDERE PLEAS — APPROPRIATENESS OF PLEA.

A plea of nolo contendere may be found to be appropriate for any of several reasons: 1) a reluctance on defendant's part to recount the particulars of a sordid crime; 2) defendant's memory of the facts is incomplete; or 3) defendant desires to minimize other ramifications, such as civil litigation.

4. CRIMINAL LAW — SENTENCING — SENTENCE BARGAINS — APPEAL.

Where a trial judge does not sentence a defendant in accordance with a sentence bargain, the proper remedy is a remand to the trial court; if the trial judge refuses to impose the sentence bargained for, defendant must be given an opportunity to withdraw his plea.

*Thomas A. Law,* for defendant.

Before: T. M. BURNS, P.J., and BEASLEY and C. W. SIMON,* JJ.

PER CURIAM. On April 29, 1981, defendant, William James Albert, pled nolo contendere to armed robbery, in violation of MCL 750.529; MSA 28.797. The plea was made after a jury trial in which defendant was found not guilty of four charges (armed robbery, criminal sexual conduct in the first degree, and two counts of felony-firearm) and were unable to agree and hung regarding eight other charges (armed robbery and seven counts of criminal sexual conduct in the first degree). After

* Circuit judge, sitting on the Court of Appeals by assignment.

being sentenced to not less than 33 months nor more than 6 years in prison, defendant appeals as of right.

On appeal, defendant raises several issues. First, he maintains that his nolo contendere plea must be vacated because of the trial court's failure to advise him of the sentencing consequences of MCL 791.233b; MSA 28.2303(3), otherwise known as Proposal B. This issue was decided adversely to defendant in *People v Johnson,*[1] where the Supreme Court held that GCR 1963, 785.7 does not require advice concerning the consequences of Proposal B.

Second, defendant asserts that the trial court failed to advise him of the mandatory minimum sentence for armed robbery. The record discloses that defendant was, in fact, informed that the minimum sentence for the offense of armed robbery was "any number of years". In conformity with the proposition set forth in *People v Harper*[2] and *People v Taylor,*[3] we conclude that the trial court complied with the court rule[4] which requires the defendant to be advised of the mandatory minimum sentence of the pleaded offense.

Defendant also contends that his plea was not voluntarily made as a consequence of the trial judge omitting to inform him that the prosecutor's burden at trial is to prove guilt beyond a reasonable doubt. At the plea-taking procedure, the following colloquy occurred:

"*The Court:* And if you elected to have a trial you

---

[1] 413 Mich 487; 320 NW2d 876 (1982).

[2] 83 Mich App 390, 397-398; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1979).

[3] 112 Mich App 94, 95-97; 315 NW2d 202 (1982).

[4] GCR 1963, 785.7(1)(d).

would be presumed to be innocent until proven guilty by the use of competent evidence by the people?

*"Defendant:* Yes."

In a matter strikingly similar to the within matter,[5] the Supreme Court held that despite the trial judge neglecting to inform the defendant that guilt at trial must be proven beyond a reasonable doubt, the defendant was adequately apprised of the trial rights he would be waiving by pleading guilty. Accordingly, we do not find that the imprecise recital of the trial rights warrants reversal.

Defendant also claims that the trial court coerced him into pleading nolo contendere by threatening to assign the case to another Recorder's Court judge. As illustrated by the following exchange, the record is barren of support for this claim:

*"The Court:* All right. You told me you understand all those rights. By offering this plea, do you understand that you are waiving those rights, giving them up?

*"Defendant:* Yes.

*"The Court:* Knowing that, do you still want to offer this plea?

*"Defendant:* Yes.

*"The Court:* Is your plea free and voluntary?

*"Defendant:* Yes.

*"The Court:* Has anyone forced you or threatened or promised you anything in order to get you to offer this plea?

*"Defendant:* No."

Defendant challenges the trial court's acceptance of the nolo contendere plea, asserting that his lack of recollection of the offense, stemming

[5] *Guilty Plea Cases,* 395 Mich 96, 122-123; 235 NW2d 132 (1975).

from intoxication, was inappropriate to justify approval of the plea. The applicable court rule requires that the trial court conduct a hearing, unless one has already been held, to establish factual support for a finding that a defendant is guilty of the offense to which he is pleading.[6]

In accepting a nolo contendere plea, a trial court may employ several bases for finding the plea to be appropriate: (1) a reluctance on the defendant's part to recount the particulars of a sordid offense; (2) the defendant's remembrance of the facts is foggy, e.g., he was intoxicated at the time of the commission of the crime; and (3) because the defendant desires to minimize other ramifications, such as civil litigation.[7]

Here, defendant stated he was unable to recall what occurred since he was in an intoxicated state at the time of the perpetration of the offense. The factual basis for the armed robbery charge was established by the evidence in a trial of this matter over which the trial judge presided. Our careful review of the record persuades us that defendant's nolo contendere plea was accepted for sufficient reasons and an adequate factual basis for the plea was made.

Last, defendant asserts that he is entitled to resentencing because the trial court did not sentence him in conformity with the sentence bargain offered to him at the time the plea was made. The record reveals that, in accepting the plea, the trial court agreed to impose a sentence of one year and a day to three years. The record does not indicate why the trial judge did not impose the sentence he indicated at the time of the plea.

[6] GCR 1963, 785.7(3)(b)(ii). For history and criticism of the nolo contendere plea, see *People v Gonzales,* 70 Mich App 319; 245 NW2d 734 (1976).

[7] *Guilty Plea Cases, supra,* p 134.

Therefore, we remand this matter to the trial court for resentencing. If the trial judge does not impose the sentence indicated at the time of the plea, defendant shall be given an opportunity to withdraw his nolo contendere plea and to have the matter assigned to another judge for further proceedings on the charge.[8]

Remanded.

---

[8] Having reviewed *People v Dixon,* 103 Mich App 518, 523-525; 303 NW2d 32 (1981), we agree that the trial judge participated in the sentence bargaining negotiations. However, we do not approve of the *Dixon* court's remedy of specific performance of the sentence agreement.