PEOPLE v STEVENS

Docket No. 73489. Submitted September 5, 1984, at Grand Rapids.— Decided October 16, 1984.

Donald G. Stevens pled nolo contendere to a charge of felonious assault and guilty to a charge of being a second felony offender in Kalamazoo Circuit Court. He was sentenced to a term of from five to six years' incarceration, Richard R. Lamb, J. Defendant appeals. *Held:*

1. There was an appropriate basis for acceptance of defendant's nolo contendere plea. The trial court complied with the requirements of the court rule governing acceptance of such pleas.

2. Defendant's contention that his plea of nolo contendere was erroneously accepted because the prosecutor did not introduce evidence substantially refuting defendant's claimed intoxication defense to the felonious assault charge and because no express waiver of that defense appears of record requires that the case be remanded because it is uncertain what consideration the trial court gave to defendant's claim of intoxication and because the record does not establish that defendant possessed either the intent to injure or the intent to put the victim in reasonable fear or apprehension of an immediate battery. On remand, if the court determines that defendant did possess the requisite intent and that the police report does show that the prosecution could refute the claimed defense, defendant's con-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 54, 155, 495, 499.

Standards of Rule 11 of Federal Rules of Criminal Procedure, requiring personal advice to accused from court before acceptance of guilty plea, as applicable where accused's stipulation or testimony allegedly amounts to guilty plea. 53 ALR Fed 919.

Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.

[2] 6 Am Jur 2d, Assault and Battery §§ 3, 4.

[3] 21 Am Jur 2d, Criminal Law §§ 54, 155.

[4] 21 Am Jur 2d, Criminal Law §§ 542, 606.

Validity, under indeterminate sentence law, of sentence fixing identical minimum and maximum terms of imprisonment. 29 ALR2d 1344.

viction is affirmed. If, however, the court determines that defendant did not possess either of the required intents or that the evidence previously introduced is insufficient to negate the defense, the prosecution shall be afforded an opportunity to supply evidence on those issues. If the prosecutor is unable to refute the defense or to introduce evidence establishing that defendant acted with the requisite intent, defendant's convictions shall be set aside; if, however, such evidence is produced, the court shall treat the matter as a motion to withdraw the plea and shall exercise its discretion to decide the motion.

3. Defendant's sentence violates the indeterminate sentencing policy established by the Supreme Court because the minimum sentence exceeds two-thirds of the maximum term. On remand, should it be determined that defendant's conviction shall stand, the trial court shall resentence defendant in accordance with the two-thirds rule.

Remanded.

1. CRIMINAL LAW — NOLO CONTENDERE PLEAS.

A plea of nolo contendere may be found to be appropriate where the defendant would not be able to supply a sufficient factual basis for a guilty plea because he was intoxicated on the night of the incident or where there is the possibility of future civil litigation resulting from the offense.

2. ASSAULT AND BATTERY — FELONIOUS ASSAULT — INTENT.

Felonious assault requires as an element an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery.

3. CRIMINAL LAW — PROSECUTING ATTORNEYS — SPECIFIC INTENT CRIMES — DEFENSES — INTOXICATION — NOLO CONTENDERE PLEAS.

A prosecutor is not required to produce evidence negating a defendant's claimed intoxication defense in a case where sufficient evidence has been presented to the trial court to establish that the defendant acted with the required specific intent, thus providing a sufficient basis for acceptance of a proffered nolo contendere plea.

4. CRIMINAL LAW — SENTENCING — STATUTES.

The minimum term of an indeterminate sentence given pursuant to the penalty enhancement provisions prescribed by statute may not exceed two-thirds of the maximum term (MCL 769.10; MSA 28.1082).

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Edward M. Hendrie,* Assistant Prosecuting Attorney, for the people.

*Milton J. Marovich,* for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. On April 4, 1983, defendant pled nolo contendere to felonious assault, MCL 750.82; MSA 28.277, and pled guilty to being a second felony offender, MCL 769.10; MSA 28.1082, in exchange for dismissal of an information charging him as a third felony offender and an agreement that the prosecutor would make no recommendation as to sentence. On May 9, 1983, defendant was sentenced to a term of from five to six years' incarceration. He appeals his conviction and sentence as of right.

Defendant claims that his nolo contendere plea must be reversed because the stated justifications for the plea provided an inappropriate basis for acceptance of such a plea. We disagree. The record clearly indicates that the plea was offered because defendant had been drinking on the night of the incident and would not be able to supply a sufficient factual basis for a guilty plea and because of the possibility of future civil litigation resulting from the offense. Both are recognized grounds for acceptance of a nolo contendere plea. See, *Guilty Plea Cases,* 395 Mich 96, 134; 235 NW2d 132 (1975); *People v Albert,* 120 Mich App 396; 327 NW2d 489 (1982). We find that the trial court complied with the requirements of the court rule. GCR 1963, 785.7(3)(b)(i).

Next, defendant argues that, inasmuch as felonious assault is a specific intent crime, his plea was

erroneously accepted because the prosecutor did not introduce evidence substantially refuting his claimed intoxication defense and because no express waiver of that defense appears of record. Defendant relies on *People v Stoner,* 23 Mich App 598; 179 NW2d 217 (1970), *lv den* 383 Mich 806 (1970), and *People v Jasinski,* 84 Mich App 670; 270 NW2d 485 (1978).

Felonious assault requires as an element "an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery". *People v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979). Whether felonious assault is a "specific" intent crime for which voluntary intoxication is a defense is a question left unresolved by our Supreme Court. 407 Mich 210. At least one panel of this Court has, however, considered intoxication to be a viable defense to the crime of felonious assault. *People v Polk,* 123 Mich App 737; 333 NW2d 499 (1983). Whether we apply the label of specific intent or not, we find that the present record does not disclose whether defendant acted with either of the intents set forth in *Johnson* or to what extent defendant's claimed intoxication affected his ability to formulate that intent.

In *People v Cannoy,* 136 Mich App 451; 357 NW2d 67 (1984), we held that the prosecutor was not required to produce evidence negating a defendant's claimed intoxication defense where sufficient evidence had been presented to the trial court to establish that the defendant acted with the required specific intent, thus providing a sufficient basis for acceptance of the proffered nolo contendere plea. Here, unlike *Cannoy,* the trial court made no finding that defendant acted with the necessary intent nor did it indicate whether the prosecution could produce or had produced

evidence to negate the asserted defense of intoxication.

Because we are uncertain of what consideration the trial judge gave to defendant's claim of intoxication and because the present record does not establish that defendant possessed either the intent to injure or the intent to put the victim in reasonable fear or apprehension of an immediate battery, we remand to the trial court. If the court determines that defendant did possess the requisite intent and that the police report does show that the prosecution could refute the claimed defense, defendant's conviction is affirmed. If, however, the court determines that defendant did not possess either of the required intents or that the evidence previously introduced is insufficient to negate the defense, the prosecution shall be afforded an opportunity to supply evidence on those issues. If the prosecutor is unable to refute the defense or to introduce evidence establishing that defendant acted with the requisite intent, defendant's convictions shall be set aside; if, however, such evidence is produced, the court shall treat the matter as a motion to withdraw the plea and shall exercise its discretion to decide the motion. See, *Polk, supra.*

Defendant's final argument concerns the propriety of the imposed five- to six-year prison term. He claims that this sentence fails to comply with the indeterminate sentencing policy established in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), because the minimum sentence exceeds two-thirds of the maximum term. We agree and remand to the trial court.

The prosecution counters defendant's claim by asserting that *Tanner, supra,* does not apply to a sentence imposed under the habitual offender provisions. In 1978, the habitual offender statutes,

including MCL 769.10; MSA 28.1082, the provision under which defendant was sentenced, were amended to add the following provision:

> "If the court pursuant to this section imposes a sentence of imprisonment for any term of years, the court shall fix the length of both the minimum and maximum sentence within any specified limits in terms of years or fraction thereof and the sentence so imposed shall be considered an indeterminate sentence."

This language is similar to the language of the indeterminate sentencing act, MCL 769.9; MSA 28.1081, discussed in *Tanner.*

We agree with this Court's holding in *People v Langham,* 101 Mich App 391; 300 NW2d 572 (1980), *lv den* 410 Mich 892 (1981), that the sentences of those charged and convicted as habitual offenders are to be indeterminate as that term was defined in *Tanner.* See also *People v Sidney Smith,* 106 Mich App 310; 308 NW2d 176 (1981), and the partial concurrence of Judge T. M. BURNS in *People v Johnson,* 115 Mich App 630, 638-639; 321 NW2d 752 (1982). Because we are remanding to the trial court for further proceedings, we do not amend defendant's sentence. On remand, should it be determined that defendant's conviction shall stand, the trial court shall resentence defendant in accordance with the two-thirds rule of *Tanner.*

Remanded. We do not retain jurisdiction.