PEOPLE v MORIN

Docket No. 81748. Submitted September 10, 1985, at Grand Rapids.—
Decided October 22, 1985.

Defendant, John F. Morin, was convicted, on his plea of guilty, of
breaking and entering an unoccupied building as a third felony
offender, Kalamazoo Circuit Court. He was sentenced to prison
for from 15 to 20 years, Richard R. Lamb, J. Defendant ap-
pealed. *Held:*

The minimum term of an indeterminate sentence given
pursuant to the penalty enhancement provisions for habitual
offenders may not exceed two-thirds of the maximum term
given.

Sentence vacated and remanded.

CRIMINAL LAW — SENTENCING — INDETERMINATE SENTENCES — SEN-
TENCE ENHANCEMENT — HABITUAL OFFENDERS.

The minimum term of an indeterminate sentence given pursuant
to the penalty enhancement provisions for habitual offenders
may not exceed two-thirds of the maximum term given.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prose-cuting Attorney, and *Patricia N. Conlon,* Assistant Prosecuting Attorney, for the people.

*Milton J. Marovich, P.C.* (by *Milton J. Maro-vich),* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and MAC-KENZIE, JJ.

PER CURIAM. Pursuant to a plea bargain under

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Criminal Law §§ 625 *et seq.*

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 2-5.

See the annotations in the ALR3d/4th Quick Index under Habitual
Criminals.

which the prosecution agreed not to file a fourth felony offender charge and to make no recommendation as to sentence, defendant pled guilty to a charge of breaking and entering an unoccupied building as a third offender. On May 14, 1984, defendant was sentenced to a term of 15 years minimum and 20 years maximum. In imposing sentence the trial court explained that because defendant was a third offender the maximum penalty was increased to 20 years and "the application of what is referred to as the two-thirds Tanner Rule" was removed.

Defendant moved to withdraw the guilty plea and a hearing was held October 1, 1984, at which the court explained that the question of whether an indeterminate sentence is subject to the two-thirds rule of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), had yet to be addressed "and that's why I'm putting all this on the record, so whatever panel looks at this decision can see what my thinking was, and if they tell me I'm wrong, that's fine".

Sixteen days later, our Court, in *People v Stevens,* 138 Mich App 438; 360 NW2d 216 (1984), told the respected trial judge he was wrong. The Court held:

"* * * the sentences of those charged and convicted as habitual offenders are to be indeterminate as that term was defined in *Tanner.*" 138 Mich App 443.

We agree with the *Stevens* panel and are not persuaded that *Stevens* was wrongly decided. Accordingly, we vacate the sentence imposed and remand this matter back to the trial court for resentencing or to allow defendant to withdraw his plea of guilty.