PEOPLE v HARVEY

Docket No. 84413. Submitted September 9, 1985, at Lansing.—Decided
    October 22, 1985.

Defendant, Thomas G. Harvey, was convicted in the Livingston
    Circuit Court of second-degree criminal sexual conduct. Pursu-
    ant to a plea agreement, the defendant agreed to a plea of nolo
    contendere to second-degree criminal sexual conduct and the
    prosecution agreed to dismiss the original charge of first-degree
    criminal sexual conduct. Following a delay in sentencing, the
    trial court, Stanley J. Latreille, J., sentenced defendant to from
    2-1/2 to 15 years' imprisonment. Defendant appeals. *Held:*

    1. The record supports the use of a nolo contendere plea. The
    police report, submitted by stipulation of the parties, provided a
    proper factual basis to support the plea. A nolo contendere plea
    is appropriate where, as here, a defendant cannot remember
    the necessary facts due to intoxication.

    2. The trial judge, in agreeing to delay imposing a sentence
    for ten months, did not enter into an agreement with the
    defendant to grant only a ten-month sentence. Incarceration
    after the end of the ten-month period was not ruled out.

    3. The record does not support defendant's contention that
    his sentence was improperly increased as a result of his failure
    to confess fully to the crime charged.

    4. The trial court clearly and appropriately responded to
    allegations of inaccuracies in the presentence report. No fur-
    ther hearing to allow defendant to challenge alleged inaccura-
    cies contained in the presentence report was requested, nor was
    one necessary.

        Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d, Criminal Law §§ 492 *et seq.*
    See the annotations in the ALR3d/4th Quick Index under Nolo
    Contendere or Non Vult.
[3, 4] Am Jur 2d, Criminal Law §§ 525 *et seq.*
    Loss of jurisdiction by delay in imposing sentence. 98 ALR3d 605.
[4] Defendant's right to disclosure of presentence reports. 40 ALR3d
    681.

1. Criminal Law — Nolo Contendere Pleas — Intoxication.

A nolo contendere plea is appropriate where a defendant cannot remember the facts of the crime due to intoxication.

2. Criminal Law — Criminal Sexual Conduct — Nolo Contendere Pleas — Court Rules.

A trial court's acceptance of a nolo contendere plea to second-degree criminal sexual conduct was proper where the plea was based on the fact that the defendant was an acknowledged alcoholic who had suffered blackouts and could not remember the events giving rise to the charge and where the police report, submitted pursuant to stipulation of the parties, provided a proper factual basis to support the plea (GCR 1963, 785.7[3][b]).

3. Criminal Law — Delay in Sentencing.

A trial court may delay imposing a sentence for up to one year to give the defendant an opportunity to prove to the court his eligibility for probation or other leniency compatible with the ends of justice and the rehabilitation of the defendant.

4. Criminal Law — Sentencing — Presentence Reports — Court Rules.

A sentencing court must respond to a defendant's allegations of inaccuracies in a presentence report and exercise its discretion in determining whether the allegations are correct; due process is satisfied when a defendant is given the opportunity to challenge the accuracy of a presentence report and clarify or explain the information contained therein; the grant or denial of an additional hearing to allow the defendant to further challenge alleged inaccuracies in the presentence report is in the discretion of the trial court (GCR 1963, 785.12).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank R. Del Vero,* Prosecuting Attorney, for the people.

*James E. Gleason,* for defendant.

Before: Cynar, P.J., and D. E. Holbrook, Jr., and Beasley, JJ.

Per Curiam. On January 6, 1984, defendant pled nolo contendere pursuant to a plea agreement to second-degree criminal sexual conduct. MCL

750.520c(1)(a); MSA 28.788(3)(1)(a). On October 25, 1984, following a delay in sentencing, the defendant was sentenced to from 2-1/2 to 15 years' imprisonment. He appeals as of right.

The complaint and warrant dated September 30, 1983, charged the defendant with first-degree criminal sexual conduct. The complaint alleged that between June of 1980 and April of 1983 defendant engaged in several acts of sexual penetration involving his daughter who was under 13 years of age. The preliminary examination and the circuit court arraignment were waived.

Pursuant to a plea agreement between the defendant and the prosecutor, the defendant agreed to a plea of nolo contendere to second-degree criminal sexual conduct and the prosecution agreed to dismiss the original charge. The reasons for pleading nolo contendere were based on the defendant's being an acknowledged alcoholic who suffered from blackouts and could not remember events giving rise to the criminal charges. The trial court noted on the record its reasons for believing that a nolo contendere plea was appropriate and, pursuant to stipulation of the parties, the police report was submitted for the factual basis.

On March 1, 1984, the date set for sentencing, defendant presented certain objections to the presentence report and requested the trial court to take presentence testimony from plaintiff's psychiatrist. On the adjourned date, March 29, 1984, testimony was given by the said psychiatrist who evaluated defendant and his family. The trial court, after reviewing the psychiatrist's testimony and other factors, agreed to delay imposing a sentence for ten months, with the understanding that, during the delayed period, defendant was to continue therapy and treatment programs directed at his alocohol and sexual abuse problems. Incar-

ceration after the end of the ten-month period was not ruled out.

The proceedings for delayed sentencing were reconvened on October 25, 1984. Defendant and his counsel indicated no factual objections to the supplemental presentence report. Defense counsel, defendant, the prosecutor and the Juvenile Court Guardian Ad Litem were given opportunities to address the court before sentencing. Before imposing the sentence, the trial court reviewed the statements of the parties, the expert evaluations, the circumstances surrounding the offenses and the sentencing guidelines. The defendant was sentenced to a term of from 2-1/2 to 15 years' imprisonment.

On February 21, 1985, defendant brought a motion to vacate the sentence and withdraw the plea. Following the denial of the motion to vacate the sentence and withdraw the plea, this appeal followed.

First, defendant contends that the nolo contendere plea did not fully satisfy the requirements of GCR 1963, 785.7(3)(b). A trial court must state its reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogating the defendant regarding his participation in the crime. GCR 1963, 785.7(3)(b), *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975). Defense counsel stated that the reason for the no contest plea was that the defendant was an acknowledged alcoholic who has suffered blackouts and cannot remember events that are alleged to have transpired in this matter. The trial court's reason for accepting the plea was based on the defendant's allegation that, because of his use of alcohol, he did not have an accurate memory of the facts. A nolo contendere plea is appropriate where a defendant cannot remember

the necessary facts due to intoxication. *People v Albert,* 120 Mich App 396; 327 NW2d 489 (1982); *People v Knight,* 94 Mich App 526; 288 NW2d 649 (1980).

The record supports the use of a nolo contendere plea. The police report provided a proper factual basis to support the plea.

Defendant claims that the trial court entered into an agreement with the defendant to grant a ten-month sentence. A trial court may delay imposing a sentence for up to one year to give the defendant an opportunity to prove to the court his eligibility for probation or other leniency compatible with the ends of justice and rehabilitation of the defendant. *People v Baker,* 120 Mich App 89; 327 NW2d 403 (1982); MCL 771.1; MSA 28.1131.

Often overlooked by the error seekers is the enormous pressure placed on the trial judge who has a responsibility of imposing sentence for a most serious crime. Both sides demand justice and fairness. The trial judge, unless he is an automaton, experiences anguish in weighing and considering what has been submitted relating to the sentence to be imposed. While the ruling to delay the sentencing might have been worded more skillfully, the trial judge did not enter into an agreement with the defendant to grant a ten-month sentence.

Defendant argues that his sentence was improperly increased as a result of his failure to confess fully to the crime charged. The record does not support this contention. In *People v Westerfield,* 71 Mich App 618; 248 NW2d 641 (1976), the defendant failed to confess to criminal activity other than that for which he was convicted. In *People v Grable,* 57 Mich App 184; 225 NW2d 724 (1974), it was held that the sentencing judge could not increase the sentence because defendant refused to

admit guilt for the convicted offense. Neither case is factually applicable herein.

A sentencing court must respond to a defendant's allegations of inaccuracies in a presentence report and exercise its discretion in determining whether the allegations are correct. *People v Edenburn,* 133 Mich App 255; 349 NW2d 151 (1983); *People v Major,* 106 Mich App 226; 307 NW2d 451 (1981); GCR 1963, 785.12. Due process was satisfied when the defendant was given the opportunity to challenge the accuracy of the presentence reports and clarify or explain the information contained therein. *People v Books,* 95 Mich App 500; 291 NW2d 94 (1980). The defense indicated no factual objections to the supplemental presentence report. The trial court clearly and appropriately responded to the allegations raised by the defense.

Defendant further argues that he is entitled to an additional hearing to allow him to further challenge alleged inaccuracies contained in the presentence report.

Grant or denial of an additional hearing is in the discretion of the trial court. *People v Edenburn, supra,* and *People v Major, supra.* Mitigating circumstances and alleged inaccuracies were addressed at length during the previous two sentencing hearings. No timely request was made for a third hearing, nor are we convinced that it was necessary.

Affirmed.