## PEOPLE v JOHNSON

Docket No. 84032. Submitted January 7, 1986, at Grand Rapids.— Decided April 8, 1986.

Defendant, Clarence Johnson, was convicted in the Muskegon Circuit Court of third-degree criminal sexual conduct. The conviction was entered by the trial court, Michael E. Kobza, J., following his acceptance of defendant's nolo contendere plea. The plea was given in exchange for dismissal of a charge of first-degree criminal sexual conduct, dismissal of a supplemental information and a sentence recommendation of from 7 to 15 years imprisonment. Defendant appeals alleging that the trial court failed to comply with GCR 1963, 785.7(3)(b) by not stating on the record its reasons for accepting the nolo contendere plea. *Held:*

The fact that the trial court did not reiterate defense counsel's statement of why the plea was appropriate does not require remand in this case since it is clear from the record that the trial court believed the plea was appropriate because defendant had been drinking at the time of the incident and because of the possibility of future civil litigation resulting from the offense. Both are recognized grounds for acceptance of a nolo contendere plea.

Affirmed.

R. R. Lamb, J., dissented. He would vote to remand this case to the trial court for the judge to supplement the record by stating his reasons for accepting the nolo contendere plea. He would have the trial court state its reasons within 28 days of the release of this opinion and would have the trial court advise the Court of Appeals by opinion of those reasons. He would hold the case in abeyance pending the further actions of the trial court and, if sufficient reasons are stated for accepting the plea, he believes that defendant's conviction should be affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 492 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Appeal and Error; Nolo Contendere or Non Vult; Pleas.

OPINION OF THE COURT

1. CRIMINAL LAW — NOLO CONTENDERE PLEAS — COURT RULES.

A trial court must state its reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogating the defendant regarding his participation in the crime to which he is offering a plea of nolo contendere (GCR 1963, 785.7[3][b]).

2. APPEAL — CRIMINAL LAW — NOLO CONTENDERE PLEAS — COURT RULES.

Remand is not required where the trial court did not reiterate on the record defense counsel's statement of why defendant's plea of nolo contendere to third-degree criminal sexual conduct was appropriate where it is clear from the record that the trial court believed the plea was appropriate because defendant had been drinking at the time of the incident and because of the possibility of future civil litigation resulting from the offense; both are grounds for acceptance of a nolo contendere plea (GCR 1963, 785.7[3][b]).

DISSENT BY R. R. LAMB, J.

3. CRIMINAL LAW — NOLO CONTENDERE PLEAS — APPEAL — COURT RULES.

*A case should be remanded to the trial court to allow the trial court to supplement the record by stating its reasons for accepting a nolo contendere plea where the trial court did not state on the record the reasons why it thought that the plea was appropriate; the Court of Appeals should not attempt to read the trial court's mind and place what it believes the trial court believed at the time of the plea taking on the record (GCR 1963, 785.7[3][b]).*

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *Harold F. Closz, III*, Prosecuting Attorney, and *Judith K. Simonson*, Senior Assistant Prosecuting Attorney, for the people.

*Marcus, Vander Ploeg & Ruck* (by *Douglas M. Hughes*), for defendant on appeal.

Before: R. M. Maher, P.J., and Allen and R. R. Lamb,* JJ.

Per Curiam. Defendant pled nolo contendere to a charge of third-degree criminal sexual conduct, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b), in exchange for dismissal of a charge of first-degree criminal sexual conduct, MCL 750.520b(1)(d); MSA 28.788(2)(1)(d), dismissal of a supplemental information and a sentence recommendation of from 7 to 15 years in prison. Defendant appeals as of right, claiming that the trial court failed to comply with GCR 1963, 785.7(3)(b) by not stating its reasons for accepting the nolo contendere plea. We disagree and affirm defendant's conviction.

A trial court must state its reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogating the defendant regarding his participation in the crime. GCR 1963, 785.7(3)(b); *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975); *People v Harvey,* 146 Mich App 631; 381 NW2d 779 (1985). Defense counsel stated that the reason for the no contest plea was that "this was an assaultive crime involving civil ramifications and also that all the parties involved in this situation had been drinking". The trial court accepted defense counsel's statement and then proceeded to review the transcript of the preliminary examination to determine whether there were facts to support the charge. Convinced that there was a factual basis for the charge of third-degree criminal sexual conduct, the trial court accepted defendant's plea of nolo contendere.

The fact that the trial court did not reiterate defense counsel's statement of why the plea was appropriate does not require remand in this case

* Circuit judge, sitting on the Court of Appeals by assignment.

since it is clear from the record that the trial court believed the plea was appropriate because defendant had been drinking at the time of the incident and because of the possibility of future civil litigation resulting from the offense. Both are recognized grounds for acceptance of a nolo contendere plea. *People v Stevens,* 138 Mich App 438, 440; 360 NW2d 216 (1984).

Affirmed.

R. R. LAMB, J. *(dissenting).* I respectfully dissent. I cannot disagree with the record. The record demonstrates, as the prosecutor concedes, that the trial court did not state reasons why it thought a plea of nolo contendere was appropriate. I do not agree that we can read the trial court's mind and place what we believe the trial court believed at the time of the plea taking on the record now. There is no need to interpret the plain meaning of GCR 1963, 785.7(3)(b) nor to claim that the rule was followed when in fact it was not.

I fully appreciate that this is an oversight by the trial court. Our Supreme Court has recognized that busy trial courts may occasionally overlook a portion of the plea-taking rule under the pressure confronting a trial court in dealing with a busy docket. The Supreme Court has provided a just, speedy method to obtain compliance and protect the integrity of the plea-taking proceedings. That method is to remand this matter to supplement the record.

While I agree with the conclusion reached by the majority as to what the trial court believed at the time the plea was taken, I cannot agree to ignore that which clearly appears on this record.

I vote to remand this case to the trial court for the judge to supplement the record by stating his reasons for accepting the plea of nolo contendere.

The trial court should state its reasons for accepting the plea within 28 days of the release of this opinion and should advise the Court of Appeals by opinion of those reasons. The case should be held in abeyance pending the further actions of the trial court and if sufficient reasons are stated for accepting a plea of nolo contendere the defendant's conviction should be affirmed.