PEOPLE v VANDERMEL

Docket No. 89105. Submitted September 3, 1986, at Grand Rapids. Decided October 2, 1986.

Phillip E. VanderMel pled guilty in the Kent Circuit Court to second-degree criminal sexual conduct and criminal sexual conduct (second offense). The trial court, Woodrow A. Yared, J., sentenced defendant to from five to fifteen years imprisonment. That sentence was vacated, however, because defendant also pled guilty to being an habitual (second) felony offender. The final sentence entered by the trial court was for from 7 to 22½ years imprisonment. Defendant appeals alleging that he was impermissibly subjected to two sentence enhancement provisions, the mandatory five year minimum sentence for criminal sexual conduct (second offense) and the enhancement of both his minimum and maximum sentences under the habitual offender statute.

The Court of Appeals *held:*

There is no conflict between MCL 750.520f; MSA 28.788(6), providing a mandatory five-year minimum sentence for criminal sexual conduct (second offense), and the habitual offender statutes. The Legislature has not prohibited concurrent application of MCL 750.520f; MSA 28.788(6) and the habitual offender statutes. In all cases where both statutes apply, the highest possible minimum and maximum terms will be available under the applicable habitual offender statute.

Affirmed.

CRIMINAL LAW — SENTENCING — CRIMINAL SEXUAL CONDUCT (SECOND OFFENSE) — HABITUAL OFFENDERS — CONFLICT OF LAWS.

There is no conflict between the sentence enhancement provision governing convictions for criminal sexual conduct (second offense), which mandates a five-year minimum sentence upon conviction, and the habitual offender statutes, which address the maximum possible sentence upon conviction as an habitual

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6-13.
Increased sentences for dangerous offenders under 18 USCS § 3575. 41 ALR Fed 576.

offender; the Legislature has not prohibited concurrent application of both statutes (MCL 750.520f, 769.10, MSA 28.788[6], 28.1082).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Thomas H. Schultz,* for defendant.

Before: R. B. BURNS, P.J., and T. M. BURNS and D. F. WALSH, JJ.

PER CURIAM. Defendant, Phillip E. VanderMel, pleaded guilty to second-degree criminal sexual conduct, MCL 750.520c(1)(b); MSA 28.788(3)(1)(b), and criminal sexual conduct—second offense. MCL 750.520f; MSA 28.788(6).[1] He was sentenced to a prison term of from five to fifteen years on these convictions. That sentence was vacated, however, because defendant also pleaded guilty to being an habitual (second) felony offender. MCL 769.10; MSA 28.1082.[2] His final sentence was for from 7 to 22½ years imprisonment.

---

[1](1) If a person is convicted of a second or subsequent offense under section 520b, 520c, or 520d, the sentence imposed under those sections for the second or subsequent offense shall provide for a mandatory minimum sentence of at least 5 years.

For purposes of this section, an offense is considered a second or subsequent offense if, prior to conviction of the second or subsequent offense, the actor has at any time been convicted under section 520b, 520c, or 520d or under any similar statute of the United States or any state for a criminal sexual offense including rape, carnal knowledge, indecent liberties, gross indecency, or an attempt to commit such an offense. [MCL 750.520f; MSA 28.788(6).]

The prior conviction supporting defendant's conviction under MCL 750.720f; MSA 28.788(6), was a conviction of third-degree criminal sexual conduct. MCL 750.520d; MSA 28.788(4).

[2](1) If a person has been convicted of a felony, an attempt to

Defendant argues on appeal, as he did in the circuit court, that he has been impermissibly subjected to two sentence enhancement provisions—the mandatory five-year minimum sentence for criminal sexual conduct—second offense, MCL 750.520f; MSA 28.788(6) and the enhancement of both his minimum and maximum sentences under the habitual offender statute. MCL 769.10; MSA 28.1082.

In *People v Edmonds,* 93 Mich App 129; 285 NW2d 802 (1979), lv den 408 Mich 918 (1980), the defendant was convicted of delivery of heroin, a twenty-year felony. He was also found to be an habitual (third) felony offender and to have been previously convicted of delivery of a controlled

---

commit a felony, or both, whether the conviction occurred in this state or would have been for a felony in this state if the conviction obtained outside this state had been obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows:

(a) If the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life, then the court, except as otherwise provided in this section or in section 1 of chapter 11, may place the person on probation or sentence the person to imprisonment for a maximum term which is not more than 1½ times the longest term prescribed for a first conviction of that offense or for a lesser term.

(b) If the subsequent felony is punishable upon a first conviction by imprisonment for life, then the court, except as otherwise provided in this section or in section 1 of chapter 11, may place the person on probation or sentence the person to imprisonment for life or for a lesser term.

(c) If the subsequent felony is a major controlled substance offense, the person shall be punished as provided by Act No. 196 of the Public Acts of 1971, as amended, being sections 335.301 to 335.367 of the Michigan Compiled Laws.

(2) If the court pursuant to this section imposes a sentence of imprisonment for any term of years, the court shall fix the length of both the minimum and maximum sentence within any specified limits in terms of years or fraction thereof and the sentence so imposed shall be considered an indeterminate sentence. [MCL 769.10; MSA 28.1082.]

The prior felony conviction supporting defendant's habitual offender conviction was a gross indecency conviction.

substance. The court used the sentence augmentation statutes under both the controlled substances act and the Code of Criminal Procedure and sentenced the defendant to a prison term of from fifty-three years four months to eighty years. MCL 769.11; MSA 28.1083, MCL 335.348; MSA 18.1070(48).[3] This Court held that the specific and comprehensive sentence augmentation provision of the controlled substances act controlled over the general habitual offender statute. The defendant's sentence was thus reduced to from twenty-six years eight months to forty years.

In *People v Sears,* 124 Mich App 735, 742; 336 NW2d 210 (1983), the Court recognized the prosecutor's discretionary authority to proceed under either the controlled substances act's sentence enhancement provision or the habitual offender statute and to choose the one which would impose the greatest possible punishment.

Defendant argues that the rationale of *Edmonds* and *Sears* should apply in this case and that "[t]he prosecutor should be required to choose which sentence enhancement statute he or she feels will impose the greatest possible sentence under the circumstances." We disagree.

The habitual offender statutes and the sentence enhancement provisions governing controlled substance offenses address *maximum* possible sentences. In this regard, those provisions conflict with each other. *People v Voss,* 133 Mich App 73, 78; 348 NW2d 37 (1984). MCL 750.520f; MSA 28.788(6), on the other hand, only mandates a five-year *minimum* sentence in the event of a convic-

---

[3] In 1978, the Legislature amended the habitual offender statutes, creating an exception for subsequent convictions of major controlled substances offenses. 1978 PA 77. See footnote 2, *supra.*

MCL 335.348; MSA 18.1070(48) was repealed in 1978. 1978 PA 368. See now MCL 333.7413; MSA 14.15(7413).

tion of a second or subsequent offense under MCL 750.520b; MSA 28.788(2) (first-degree criminal sexual conduct), MCL 750.520c; MSA 28.788(3) (second-degree criminal sexual conduct), or MCL 750.520d; MSA 28.788(4) (third-degree criminal sexual conduct). There is no conflict between MCL 750.520f; MSA 28.788(6) and the habitual offender statutes. *People v Voss, supra,* p 78.

Second, defendant's suggestion that the holding in *People v Sears, supra,* should apply in this case reflects a basic misunderstanding of the concurrent operation of MCL 750.520f; MSA 28.788(6) and the habitual offender statutes. Upon defendant's conviction of second-degree criminal sexual conduct, a fifteen-year felony, and habitual (second) felony offender, the longest possible sentence he faced was a 15-year minimum and a 22½-year maximum.[4] His additional conviction under MCL 750.520f; MSA 28.788(6) did not increase the judge's sentencing options but only served to preclude a minimum term of less than five years.[5] The holding in *People v Sears, supra,* is inapposite since, in all cases where both MCL 750.520f; MSA 28.788(6) and an habitual offender statute apply, the highest possible minimum and maximum terms will be available under the latter statute.[6]

[4] The sentences of those convicted as habitual offenders are subject to the rule of indeterminate sentencing set forth in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). *People v Stevens,* 138 Mich App 438, 443; 360 NW2d 216 (1984); *People v Morin,* 146 Mich App 629; 381 NW2d 416 (1985).

[5] The habitual offender sentence was subject to the five-year minimum mandated by MCL 750.520f; MSA 28.788(6). See *Manuel v Dep't of Corrections,* 140 Mich App 356, 358; 364 NW2d 334 (1985), lv den 422 Mich 948 (1985): "Ordinarily, the sentence as an habitual offender subsumes the underlying sentence, which is therefore vacated, since the sentence under the habitual offender statute is traditionally as long [as] or longer than the sentence for the underlying felony . . . ."

[6] Defendant was convicted of second-degree criminal sexual conduct, a fifteen-year felony. MCL 750.520c; MSA 28.788(3). Third-degree criminal sexual conduct is also a fifteen-year felony. MCL 750.520d;

Analogous to the issue presented in this case is the question of whether an escape conviction, which carries a mandatory consecutive prison term, can support an habitual offender conviction. In *People v Shotwell,* 352 Mich 42, 46; 88 NW2d 313 (1958), the Supreme Court found that the Legislature intended that a person charged with escape could also be charged as an habitual offender: "Since the legislature did not except escaping prison from our second offender statute we can only infer that it intended the latter statute to apply to all felonies." And in *People v Staples,* 100 Mich App 19, 23; 299 NW2d 1 (1980), this Court rejected the argument that application of both the habitual offender and escape statute constitutes impermissible double sentence enhancement:

> On the authority of *Shotwell, supra,* we feel compelled to reject defendant's argument here. The Supreme Court's conclusion that the second offender statute was intended to apply to all felonies, including escapes, is further strengthened by the 1978 amendment to MCL 769.11; MSA 28.1083; 1977 PA 1978. As amended, this statute now excepts major controlled substance offenses from the punishment provisions of the habitual offender act. MCL 769.11(1)(c); MSA 28.1083(1)(c). The specific exception of such offenses from the operation of the act indicates that the Legislature did not intend to except escape therefrom.

Because the Legislature has not prohibited concurrent application of MCL 750.520f; MSA

MSA 28.788(4). First-degree criminal sexual conduct is punishable by imprisonment for life or any term of years. MCL 750.520b; MSA 28.788(2). Thus, the longest possible minimum sentence upon conviction of any of these offenses is higher than the five-year minimum mandated by MCL 750.520f; MSA 28.788(6).

28.788(6) and the habitual offender statutes, we decline to do so under the facts of this case.[7]

Defendant's convictions and his sentence are affirmed.

---

[7] Our holding is limited to situations where the prior conviction underlying the habitual offender charge is not the same prior conviction which supports the charge under MCL 750.520f; MSA 28.788(6).