PEOPLE v BOUCHER

Docket No. 99147. Submitted October 6, 1987, at Marquette. Decided December 21, 1987.

Leonard A. Boucher was convicted on his plea of guilty of criminal sexual conduct in the third degree and, on resentencing, was sentenced to a prison term of six to fifteen years, Marquette Circuit Court, Edward A. Quinnell, J. Defendant appealed, raising several claims of error.

The Court of Appeals *held:*

1. A resentencing is required in this case. The trial judge, by stating that "there is an argument on both sides of the matter," did not properly respond to defendant's claim at resentencing that he was improperly assessed points for OV 7, victim vulnerability, and OV 13, nonvaginal penetration.

2. Defendant was improperly assessed points for OV 13, nonvaginal penetration. The record indicated that penetration of the victim by defendant did not occur and that, instead, the victim penetrated defendant.

3. On remand, the trial judge shall address the question whether defendant was given sufficient credit for time spent in jail while unable to furnish bond.

Sentence vacated and remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — SENTENCING INFORMATION REPORTS.

A sentencing court must resolve a challenge to the scoring of the Sentencing Information Report in the same fashion that it resolves any other dispute concerning the accuracy of information to be considered at sentencing; thus, a sentencing court must respond to a defendant's allegations of inaccuracies and must determine whether the allegations are correct.

2. CRIMINAL LAW — SENTENCING — CRIMINAL SEXUAL CONDUCT.

A defendant convicted of criminal sexual conduct may not be

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

Am Jur 2d, Sodomy §§ 89, 97.

Due process requirements of presentence procedure following conviction. 3 LEd 2d 1808.

assessed points on the Sentencing Information Report for non-vaginal penetration where the record indicates that the defendant did not penetrate the victim, but was instead penetrated by the victim.

*Steward, Peterson, Sheridan & Nancarrow* (by *Paul A. Peterson*), for defendant.

Before: R. M. MAHER, P.J., and G. R. McDONALD and R. C. LIVO,* JJ.

PER CURIAM. Defendant appeals as of right from his plea-based conviction of criminal sexual conduct in the third degree. MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). Defendant was originally charged with first-degree CSC, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and third-degree CSC. Pursuant to a plea agreement defendant pled guilty to third-degree CSC and the first-degree CSC count was dismissed. On June 6, 1986, defendant was sentenced to seven to fifteen years imprisonment. Defendant filed a motion to withdraw his plea and for resentencing. A new sentencing report was prepared and defendant was resentenced January 15, 1987, to six to fifteen years imprisonment.

Defendant raises four issues on appeal. However, we find one issue dispositive and reverse.

Defendant claims that he was sentenced upon an inaccurate Sentencing Information Report. In particular defendant claims that the trial court erred in assessing three points for offense variable seven, victim vulnerability, and three points for offense variable thirteen, nonvaginal penetration, which resulted in an increase of the recommended minimum from 42 to 60 months to 84 to 120 months. During resentencing the trial court acknowledged defendant's objections to the scoring of these variables, stating that the scoring was

* Circuit judge, sitting on the Court of Appeals by assignment.

"somewhat uncertain." However, instead of accepting defendant's position and rescoring the guidelines, the trial judge adjusted his previous sentence of seven to fifteen years to six to fifteen years, one year higher than the guidelines maximum minimum sentence under defendant's calculations. On the SIR the trial judge stated that both offense variable seven and thirteen were "questionable," and that if the variables were scored as requested by defendant, the guidelines would provide for a minimum sentence between forty-two and sixty months. In addition, in the section provided for departure reasons, the trial judge wrote: "This is a departure high or a departure low, depending on the scoring of OV 7 and OV 13. Actual sentence is an average between the two grid ranges."

We find the trial judge's treatment of defendant's objections inappropriate. Recently our Supreme Court stated that a trial court must resolve a challenge to the scoring of the guidelines in the same fashion that it resolves any other dispute concerning the accuracy of information to be considered at sentencing. *People v Walker,* 428 Mich 261; 407 NW2d 367 (1987). Thus, a trial court must respond to a defendant's allegations of inaccuracies and must determine whether the allegations are correct. *People v Harvey,* 146 Mich App 631; 381 NW2d 779 (1985).

In the instant case the trial judge did not fully accept or reject defendant's allegations, instead stating that "there is an argument on both sides of the matter." A resentencing is therefore required.

Moreover, after reviewing the record we agree with defendant that he was improperly assessed three points for offense variable thirteen, nonvaginal criminal sexual penetration. The guidelines indicate that three points are to be assessed for

"nonvaginal criminal sexual penetration *by the offender*" (emphasis added). In the instant case, the record indicates that penetration of the victim by defendant did not occur. Instead it appears the victim penetrated defendant. Although the drafters of the guidelines may have intended to cover the instant situation, the language does not include such circumstances as are presented in the instant case. Although we understand the dilemma confronting the trial judge, who apparently believed the guidelines were intended to cover the instant case, the proper procedure would have been to acknowledge defendant's scoring and then depart from the guidelines recommendation, listing as his reasons for departure the guidelines' failure to cover situations where penetration occurs, but not by the offender. The drafters of the guidelines anticipated departures, and in fact encouraged the same as a means to improve the guidelines. We believe this case presents the type of situation for which the departure procedures were drafted.

Defendant also contends that he was not awarded sufficient credit for time served. It appears defendant was awarded seventy-eight days credit based on an arrest date of March 21, 1986, contained in the presentence report. Defendant contends on appeal that he was arrested on February 19, 1986, and is entitled to 107 days credit. Absent a clear indication of defendant's date of arrest contained in the record, and the benefit of a prosecutor's brief, we are unable to determine whether defendant was credited with sufficient time served as required by MCL 769.11b; MSA 28.1083(2). Therefore, this issue should be addressed by the trial court on remand.

We have reviewed defendant's remaining issues and find them to be without merit.

Sentence vacated and case remanded for resentencing.