PEOPLE v JAMES

Docket No. 132328. Submitted September 12, 1991, at Lansing. Decided October 8, 1991, at 9:45 A.M. Leave to appeal sought.

Edwin R. James pleaded guilty in the Oakland Circuit Court, Alice L. Gilbert, J., of second-degree criminal sexual conduct and of being a second time sexual offender. The defendant subsequently pleaded guilty of being an habitual offender, second offense, and was sentenced to 10 to 22½ years' imprisonment. He appealed, claiming that his sentence was enhanced impermissibly under both the habitual offender statute, MCL 769.10; MSA 28.1082, and the criminal sexual conduct statute governing repeat offenders, MCL 750.520f; MSA 28.788(6).

The Court of Appeals *held:*

There is no conflict between MCL 750.520f; MSA 28.788(6), which provides a mandatory five-year minimum term of imprisonment, and the habitual offender statutes; the Legislature has not prohibited their concurrent application. Where both statutes apply, the highest possible minimum and maximum terms are available under the habitual offender statutes, with MCL 750.520f; MSA 28.788(6) merely precluding a minimum term of less than five years.

Affirmed.

Rape — Criminal Sexual Conduct — Habitual Offenders.

A person may be convicted of being a repeat offender under the criminal sexual conduct statutes and of being an habitual offender on the basis of a second or subsequent conviction of criminal sexual conduct in the first, second, or third degree; the repeat offender and habitual offender statutes may be applied concurrently to enhance the defendant's sentence (MCL 750.520f, 769.10; MSA 28.788[6], 28.1082).

*Frank J. Kelley,* Attorney General, *Gay Secor*

References

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6, 14, 30; Rape §§ 114, 115.

See the Index to Annotations under Habitual Criminals and Subsequent Offenders; Rape.

*Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Kathryn G. Barnes,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar,* for the defendant on appeal.

Before: Fitzgerald, P.J., and MacKenzie and Weaver, JJ.

Per Curiam. Defendant, Edwin Ray James, pleaded guilty of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), and of being a second time sexual offender, MCL 750.520f; MSA 28.788(6). He was sentenced to a prison term of from seven to fifteen years for these convictions. That sentence was vacated because defendant also pleaded guilty of being an habitual offender, second offense. MCL 769.10; MSA 28.1082. The final sentence imposed was 10 to 22½ years' imprisonment.

Defendant appeals as of right, arguing that he has been impermissibly subjected to two sentence enhancement provisions—the mandatory five-year minimum sentence for criminal sexual conduct (second offense), MCL 750.520f; MSA 28.788(6), and the enhancement of both his minimum and maximum sentences under the habitual offender statute, MCL 769.10; MSA 28.1082.

In *People v VanderMel,* 156 Mich App 231; 401 NW2d 285 (1986), this Court held that the Legislature has not prohibited concurrent application of MCL 750.520f; MSA 28.788(6) and the habitual offender statutes. The habitual offender statutes address maximum possible sentences, while MCL 750.520f; MSA 28.788(6) only mandates a five-year minimum sentence in the event of a conviction of a second or subsequent offense for criminal sexual

conduct in the first, second, or third degree. Thus, there is no conflict between MCL 750.520f; MSA 28.788(6) and the habitual offender statutes. *People v Voss,* 133 Mich App 73, 76; 348 NW2d 37 (1984). Where both statutes apply, the highest possible minimum and maximum terms are available under the habitual offender statute.

Defendant also asserts that the same predicate felony may not be used to support both the habitual offender charge and the charge under MCL 750.520f; MSA 28.788(6). We note that the holding in *VanderMel* was limited to the facts of that case, wherein the prior conviction underlying the habitual offender charge was not the same prior conviction that provided support for the charge under MCL 750.520f; MSA 28.788(6). *VanderMel, supra* at 237, n 7. In the instant case, we are confronted with a situation where the same predicate felony was used to support both the habitual offender charge and the charge under MCL 750.520f; MSA 28.788(6). However, we conclude that the holding in *VanderMel* should be expanded to encompass such situations. Upon defendant's conviction of second-degree criminal sexual conduct, a fifteen-year felony, and of being an habitual offender, the longest possible sentence he faced was 15 to 22½ years. His additional conviction under MCL 750.520f; MSA 28.788(6) did not increase the sentencing options but only served to preclude a minimum term of less than five years.[1] Defendant was properly convicted under both the general habitual offender statute and MCL 750.520f; MSA 28.788(6).

Affirmed.

---

[1] See *People v Shotwell,* 352 Mich 42, 46; 88 NW2d 313 (1958), wherein the Court held that the Legislature intended that a person charged with escape also could be charged as an habitual offender on the basis of the same escape charge. Thus, one predicate felony supported two charges, both of which provided for a maximum term of imprisonment.